P. F. Nouvet, Syndic, *v.* Louise A. Vitry, f. w. c.

15  653
110 1075
o1101076

In an action by the creditors to annul a simulated sale of their debtor's property, such creditors enjoy privileges which would be denied to the debtor.

But in a suit to make out title for their debtor, the rights and privileges of the creditors are precisely the same as those of the debtor himself.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J.
P. *Soulé*, for plaintiff and appellant.   C. *Dufour*, for defendant.

Voorhies, J.  The defendant filed a peremptory exception to the plaintiff's action, averring : 1st, that the petition does not disclose a ground of action ; and 2dly, that this demand has already been decided in the case of *Achille B. Courcelle* v. *Louise A. Vitry, f. w. c.*, and that the judgment rendered on that occasion is a bar to the present action.

For a proper understanding of the pleas, it is necessary to state the facts as they appear from the pleadings and from the evidence introduced on the trial of the exception.

*Courcelle* and the defendant had been, for the period of nineteen years, living together in concubinage.  Upon breaking up this illicit connection, the former instituted against the latter a suit for the purpose of recovering a large amount of real estate and slaves, which, he averred, had been purchased by himself with his own funds, but the title to which had been made in the name of the defendant. He further averred, that he had invested large amounts for improvements placed upon this real estate.  Then followed the statement that, in point of fact, he was and had ever been the real owner of this whole property, and that the title executed in the name of the defendant was, in this respect, a mere simulation ; but that, if it was decreed that this was an intended donation by himself to his concubine, then the same was a nullity, it being against the policy of the law for a donor thus to divest himself of his whole property.

*Vitry* joined issue upon these allegations, and, the case being tried, obtained a judgment rejecting the plaintiff's pretensions.

Subsequently, *Courcelle* made a surrender of his property to his creditors, and, thereupon, *Nouvet* was appointed syndic of this insolvent estate.  The latter then instituted this suit, which has for its object precisely the same demand set up in the former action.

It has been contended by the plaintiff, during the argument of this cause, that this is not an action in revocation of a fraudulent contract, but one " *en déclaration de simulation.*"  His counsel argues, and correctly too, that, were this a revocatory action, his client would be defeated, from the fact that the debts of the insolvent are posterior in date to the execution of the sales attacked.  He contends, however, that such is not the purport of his petition, and that the sole object of the present suit is to have the property in question decreed still to belong to the insolvent, notwithstanding the fact that the titles are in the name of the defendant, *Vitry*.

This action has none of the attributes of one in revocation of fraudulent contracts ; nor is it, properly speaking, one to set aside and annul a simulated deed. The plaintiff does not pretend that the sales made to *Louise A. Vitry* are simulated and fraudulent ; for that would defeat his own pretensions.  The charge is,

that although the purchases were made in her name, yet *Courcelle* was in reality the purchaser. The object of the syndic is, not to defeat the purchases, but to make them enure to the benefit of the insolvent estate ; and, to succeed in this object, it is necessary to make out title in the name of *Courcelle*, who has himself already failed in that attempt.

It is not necessary that we should decide whether such an action might be maintained by *Courcelle ;* for the judgment rendered against him is *res judicata* as to himself, and to his creditors, whose rights are precisely the same. The case, however, might be different in actions in revocation or " *en déclaration de simulation,*" for there the creditors litigate adversely to the debtor and simulated or fraudulent obligee.

In an action to annul a simulated sale, the creditor would enjoy privileges denied to the debtor,—such, for instance, as that of introducing parol evidence ; and the former might maintain his action, whilst the policy of the law would deny an action to the latter. C. C. 2236 ; 19 La. 409, *Delahoussaye* v. *Davis.*

But in a suit to make out title for the debtor, it is evident that the creditor could not claim the benefit of such a discrimination. C. C. 2255.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.