LAND, J.
Plaintiff sued to be recognized as the sole and lawful owner of certain lots and squares of ground in the city of New Orleans, standing on the record in the name of defendant, to compel said defendant to transfer and deliver said property to plaintiff, and to recover such rents and revenues as may be due by defendant.
The petition represents that “all of said property was paid for with the money of petitioner, furnished by her from time to time as needed for that purpose,” and that the titles were placed in the name of defendant *157 “for the convenience of petitioner and for her account and benefit.”
The petition further represents that said titles were first placed in the name of Clara Margaret Peters, who, in anticipation of her marriage to William D. Gardiner, transferred said property, for petitioner’s convenience, account, and benefit, to the defendant herein, who was without money or means, and who paid no price or consideration.
The petition further represents that defendant, the sister of Clara Margaret Peters, had from the time of the first acquisition of said property its management and administration for the convenience, account, and benefit of petitioner, and rendered statements and accounts of her administration, embracing all the rents and revenues derived from said property and all costs and expenses of administration, including attorney and notarial fees, taxes, premiums of insurance, repairs, etc.
The petition further represents that defendant has refused to render further accounts of her gestión, and to pay over rents and revenues derived from said property, but has illegally and fraudulently retained the same, notwithstanding amicable demand.
Defendant’s answer was a general and special denial of the allegations of the petition, coupled with averments of title and possession as owner, with a plea of prescription of five and ten years.
Plaintiff filed an amended and supplemental petition, making Mrs. Gardiner and husband parties defendant. This petition sets forth in substance that petitioner in 1890, as the universal legatee of Henry E. Hall, received from his estate the sum of $20,000, which was deposited in bank; that after paying legacies, debts, and charges there remained a balance of $17,500; that petitioner also owned a comfortable home at the corner of Orange street;, that at the earnest solicitation of Mrs. Peters and daughters she broke up housekeeping and made her home with said family; that after she had come into possession of her said legacy one Hoffman sued her for $1,400, alleged claim for services due him by estate of Hall; that she resisted such demand, believing it to he unjust, but in June, 1891, judgment was rendered against her for $700; that shortly after said suit was filed the said Mrs. Peters and daughters, conspiring together, induced and persuaded petitioner to transfer her home, at the corner of Orange street, to Miss Clara Margaret Peters for the purported consideration of $2,100, which petitioner furnished to said apparent vendee; that said transfer was made solely for the accommodation and convenience of petitioner, and to screen her said property from the effect of any judgment that might be obtained by said Hoffman, that under similar inducements and persuasion coming from the same persons, and for a similar purpose, petitioner made investments in real estate, the titles being taken in the names of Clara Margaret Peters and Catherine Darner Peters, respectively; that in December, 1892, the said Clara, in anticipation of her marriage to Gardiner, transferred all the five properties standing in her name to her said sister Catherine for the pm-ported consideration of $8,200, though no price in fact was paid; that since the original acquisition of said parcels of property the said defendant, Catherine, administered the same and accounted to petitioner, until she repudiated her trust as set forth in the original petition; that the said Mrs. Peters and daughters, by their false and fraudulent representations and advice to petitioner, and their dominion over petitioner obtained by low, cunning, and deceitful practices, have thds obtained possession and control of all her property and every dollar of her money, leaving her practically penniless; and that defendant herein refuses to transfer or surrender said property to petitioner and to account for the rents and revenues derived therefrom.
*159 Wherefore petitioner prayed for judgment against all defendants as in the original petition.
Defendant Mrs. Gardiner filed an exception of no cause of action, and, reserving the benefit of the same, answered, pleading the general issue, and specially denying the allega•tions of fraud, collusion, and conspiracy. Defendant admits that she acquired the two lots at corner of Orange street in December, 1890, and conveyed the same to her codefendant in December, 1892, as shown by deeds of record, but specially denies that she acquired said property “without any valid consideration,” or in trust for plaintiff,- as alleged in her petitions. Defendant pleads that plaintiff is estopped from disputing or contesting said act of sale to defendant, and that plaintiff, after acquiescing for more than 10 years in said sale, cannot be heard, after the resale of said property, to dispute her own authentic act of conveyance, or to plead her own turpitude.
This defendant for further answer admits the purchases of the other property as shown by the deeds of record, but specially denies that the same were made for the account of plaintiff, or in her interest, or with her money, and specially avers that plaintiff, though living in the same house with defendants, never made any claim to said property until the year 1901.
The defendant Catherine L. Peters filed an answer to the supplemental petition, containing exceptions and pleas in bar, and similar denials, general and special; also averring that she had been in possession of the property for many years as owner, and had made valuable improvements thereon. After a long and hotly contested trial, judgment was rendered in favor of plaintiff, and defendants have appealed.
Appellants urge that this suit should be dismissed, because plaintiff alleges her own turpitude, and therefore should not be heard.
Plaintiff’s demands are, first, that the act of sale of her home place be declared or treated as a simulation, and, secondly, that she be decreed the owner of the property purchased in the names of defendants.
It is distinctly alleged in the petition that the plaintiff made the transfer of the property to screen it from the effect of any judgment that might be obtained by Hoffman, and that the title to the other property was placed in the names of defendants for the “reasons * * * of placing said property beyond the reach of petitioner’s creditors.”
Plaintiff undoubtedly alleges that the sale and purchases were simulated and fraudulent.
It seems to be well settled in our jurisprudence that, where parties enter into an agreement to defraud creditors, neither party can maintain an action upon it or sue to recover the property conveyed. Denton v. Willcox, 2 La. Ann. 60; Hood v. Frellsen, 31 La. Ann. 580; Dent v. Ferguson, 132 U. S. 50, 10 Sup. Ct. 13, 33 L. Ed. 242.
There is quite a distinction between a simulation made for a purpose not unlawful and a fraudulent simulation, made to defeat the pursuit of creditors. The case of Godwin v. Neustadtl, 47 La. Ann. 841, 17 South. 471, is not in point. In that case plaintiff had brought a prior suit to annul a sale of real estate as simulated, and the defendant had defeated the suit by his answers to interrogatories on facts and articles, in which he declared the reality of the sale, whereupon plaintiff instituted suit on notes given by defendant as part of the purchase price of the property.
In the case of Leonard Hoffmann v. Catherine V. Ackermann et al. (recently decided by this court) 35 South. 293,[1] the judgment creditor of plaintiff herein sought to have certain lots standing in the name of Catherine L. Peters, and forming a part of the property now in dispute, decreed to belong *161 to Catherine V. Ackerman, his judgment debt- or. I-Ioffman alleged that the property really belonged to Catherine Y. Ackerman, and was put in the name of Catherine L. Peters “to screen it from his pursuit.” Bliss Peters defended the suit. Miss Ackerman, her co-defendant, made no áppearance, but testified as a witness for the plaintiff. Hoffman obtained judgment in the lower court, which was reversed on appeal; this court holding that parol testimony was not admissible to prove the agency of Bliss Peters.
In that case Bliss Ackerman testified that the money was invested in the name of Miss Peters in order to screen the property from seizure under the judgment in favor of Hoffman. Nevertheless, Hoffman was defeated on the issue of fraudulent simulation, and Bliss Peters was left in possession as owner. Bliss Ackerman now comes before the court, seeking to recover the property, and judicially alleges that the transactions were simulations, entered into for the purpose of defrauding Hoffman.
BVe are of opinion that she cannot be heard to allege her own turpitude.
Even if we should hold otherwise, the answers .of defendants to the interrogatories on facts and articles do not show title in plaintiff, but, on the contrary, deny her title to the property.
Said answers are, in substance, that plaintiff’s money, to the amount of $11,500, was by her delivered to Mrs. Peters in consideration of the undertaking of the latter to give plaintiff a home, and to maintain and support her during the remainder of her life, and to bury her when dead, and that the said BIrs. Peters gave to her daughters portions of said funds, which they invested in their own names and for their own individual accounts.
In the Hoffman Case, the statements on which plaintiff relies as constituting a counter letter were filed in evidence and explained by testimonial proof. We held that parol evidence was inadmissible, even at the suit of a judgment creditor, to create a title to real estate by showing that defendants herein purchased as the agents of plaintiff. Hence said statements cannot be considered per se as having the effect of a counter letter.
Defendant Clara M. Peters, who originally acquired all the property in dispute, except one piece, had nothing to do with said statements. They were written by Catherine L. Peters, but her name nowhere appears on them. The first is a mere memorandum, not showing on its face the name of any person as the owner of the original sum of $17,500. In the subsequent statements the name of Bliss Ackerman appears at the top of each, with “Or.” and “Dr.,” and vice versa, below; but the name of no other person appears as dealing with her. The accounts proper commence in July, 1891, and terminate in January, 1893. It is alleged in the supplemental petition that Bliss Catherine L. Peters purchased the only property originally acquired by her in Blarch, 1892. Hence the statements anterior to that date were made at a time when Miss Catherine Peters had no title to any of the property. Her answers, explaining the circumstances under which these memoranda or statements were made out and the purpose for which they were intended, may be true, and must be accepted as true for the purposes of this trial. Her explanation is that said statements were made by her at the request of Bliss Ackerman, that they were not accounts between Bliss Ackerman and anybody, and were in January, 1893, discontinued at the request of plaintiff. If Bliss Ackerman considered herself and was considered by the family as the owner of the real estate, it is singular that the statements commenced as late as July, 1891, and terminated in January, 1S93. If owner, accounts were due her from 1890 *163 to the present time, and she alleges rendition of accounts, but shows no statement later than January, 1893.
Be this as it may, the answers of the defendant, taken altogether, do not supplement the statements to such an extent as to justify the court in holding that they constitute a counter letter sufficient to enable plaintiff to recover.
That such answers cannot be contradicted by parol evidence under a charge of fraud, and that writings which per se do not evidence a sale of real estate cannot be eked out by parol evidence, on the ground that such writings furnish a beginning of proof, was held by this court, re-affirming a long line of decisions, in Wright-Blodgett Oo. v. Elms, 106 La. 150-161, 30 South. 311.
The record informs us that plaintiff continues to reside with Mrs. Peters, who under the evidence unquestionably owes to plaintiff suitable maintenance and support for life, or the equivalent in dollars and cents. The case may be a hard one, but we cannot relieve plaintiff from the consequences of her acts without violating well-recognized principles of law, established for the purpose of protecting titles to real estate.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and it is now ordered, adjudged, and decreed that plaintiff’s demands be rejected, and her suit be dismissed, with costs in both courts, reserving otherwise whatever rights she niay have in the premises.

 110 La. 1070.