On the Blerits.
PROVOSTY, J.
This case, in outline, beginning at the beginning is this: In the early part of October, 1890, the plaintiff, Miss Ackermann, who already owned a house, in which she lived, on Orange street, and household and other effects worth over $882, inherited and received, as universal legatee of one I-Iall, $17,585 in cash. This sum, by the payment of certain debts and charges, was reduced to $14,300. Her best friends were the Peters family, composed of Mr. and Mrs Peters and their three daughters, Blary, Catherine, and Clara. Bliss Blary Peters at that same time was owner of two improved lots, worth $5,000 or $6,000, on which there rested a mortgage debt of $3,000. Bliss Ackermann, within a few days after receiving her money, suggested that the mortgage notes be taken up, and she loaned Bliss Blary Peters $3,000 for that purpose, and took her interest-bearing note for the amount. The mortgage notes, however, were not taken up, but, with the permission of Bliss Ackermann, $1,000 of the $3,000 was used for paying debts of Blrs. Peters. What was done with the remaining $2,000 the record does not show. Within a few days after this, Miss Ackermann came to live in the house with the Peters family, under an arrangement which she says was simply that she should pay a board equivalent to the interest on the $3,000 note; and which the Peters say was that she should give to Blrs. Peters what remained of her money, namely, $11,300, and that Blrs. Peters should maintain and support her during life and bury her when dead.
At that same time, one Hoffman brought suit against Miss Ackermann as universal legatee on a claim of $1,500. Very shortly afterwards, namely, on the 30th of December, 1890', Bliss Ackermann made a sale of her Orange street property to Bliss Clara Peters for $2,100. She says that this was a sham sale designed to screen the property from, the judgment which Hoffman was seeking to obtain against her. The Peters say that the sale was a real bona fide sale.
The Hoffman suit resulted in a judgment for $700. This judgment could not be executed, for want of property to seize. After 10 years, in 3901, Hoffman issued execution on it and garnished Mrs. Peters and her three daughters. The garnishees answered that they owed Bliss Ackermann nothing, and had no property of hers. Blrs. Peters, however, added to her answer the following:
“About 10 years ago, or more, I promised Bliss Ackermann to support and care for her and furnish her with the • necessities for maintenance during her life.”
Hoffman traversed these answers, and on this traverse Blrs. Peters and Misses Blary and Clara Peters (Blrs. Gardiner) were examined as witnesses.
Mrs. Peters testified:
“Bliss Ackermann gave me all the property she had, in consideration of my undertaking to maintain and support her during life and bury her when dead.”
*753 She testified also that she “considered” that the amount loaned to Miss Mary Peters was included in this donation. In the course of the same examination, however, she stated that the agreement between Miss Ackermann and herself comprised only the cash balance Miss Ackermann still had on hand, namely, $11,300; that the $3,000 loan to Miss Mary Peters was a different contract and transaction; that Miss Ackermann continued to hold this $3,000 note as an existing obligation. _ Miss Mary Peters testified that she had all along expected to pay the note; that Miss Ackermann had never called on her for payment; that she supposed the reason was that her mother had given “consideration” for the note by entering into a contract with Miss Ackermann to give her all that she needed for her personal wants during her life; that she was not present at the making of this contract, and knows nothing of it, except what she afterwards heard her mother and Miss Ackermann say.
Mrs. Clara Peters Gardiner testified that she was not present at the making of the contract between her mother and Miss Ackermann, but that she heard the matter discussed in the family, and that Miss Ackermann agreed to turn over all that she possessed. “Q. You mean by that all the money that she had? A. That is what I mean.”
After this testimony had been taken, Hoffman discontinued his garnishment proceedings, and brought an action en declaration de simulation against Miss Ackermann and Miss Catherine Peters. He alleged that the sale of the Orange street property hy Miss Ackermann to Miss Clara Peters had been a sham, and that the property still belonged to Miss Ackermann; that four other pieces of property acquired at different dates during the years 1891 and 1892 by Miss Catherine Peters, belonged also to Miss Ackermann, they having been bought and paid for by Miss Ackermann, but in the name of Miss Catherine Peters, so as to screen them from his judgment. To this suit Mrs. Clara Peters Gardiner was not made a party. The reason was-that, previous to her marriage, she had transferred the Orange street property to Miss: Catherine Peters by a sham sale.
On the trial of this suit, Miss Ackermann appeared as a witness for I-Ioffman. She-testified that the sale of her Orange street property to Miss Clara Peters was a sham y that the $3,000 note of Miss Mary Peters was for a loan, and was due; that after lending this $3,000 she had $11,500 left;, and that with this money she made, during the years 1891 and 1892, the purchases in. the name of Miss Catherine Peters, as alleged by Hoffman. She produced the $3,000 note' of Miss Mary Peters, and said that a few months back, she had asked that it be renewed, and that this had been refused.
On the same trial, Miss Catherine Peters,, who was the codefendant of MiSs Ackermann, testified that the amount given to Mrs. Peters-by Miss Ackermann was $11,300, and that it was what was left after Miss Ackermann had made certain payments and had loaned the-$3,000.
Judgment went against Hoffman. Hoffmann v. Ackermann, 110 La. Ann. 1076, 35. South. 293.
Thereupon Miss Ackermann brought suit against Miss Catherine Peters. She alleged that she (the petitioner) was the owner of' the Orange street property; that the sale of it to Miss Clara Peters had been a sham,, and the transfer of it by Miss Clara to Miss Catherine Peters had also been a sham; and also that she (the petitioner) was the owner of the other pieces of property acquired during the years 1891 and 1892, the same having been bought and paid for by herself, but in. the name of Miss Catherine Peters. She-prayed to be decreed the owner of said properties.
Shortly after the filing of thia suit, Miss. *755 Ackermann removed from the Peters home, -where she had lived for over 12 years.
On the trial of that suit, Miss Ackermann -testified as before.
Mrs. Clara Peters Gardiner also testified. 'She denied that Miss Ackermann’s sale of -the Orange street property to her had been -a sham. She said that she had paid for the property with money received from her -mother.
Miss Catherine Peters repeated the testimony given by her in the former suit, to -the effect that Miss Ackermann had inherit- ■ ed $17,585; and that, after making certain payments and lending the $3,000, she had $11,300 left; and that it was this sum she had given Mrs. Peters under the contract for maintenance and support.
The case having been decided against Miss Ackermann (113 La. Ann. 156, 36 South. 923), •she brought the present suit against Mrs. Peters, Miss Catherine Peters, and Mrs. ■Gardiner. She alleges that on or about October 10, 1890, she had $11,500 in cash; that she made a manual gift of said sum to Mrs. Peters in consideration of Mrs. Peters undertaking to maintain and support her during her life and bury her when dead; that said • donation was void, because thereby she had divested herself of all she had, without retaining enough for her subsistence; that Mrs. Peters, turned over said money to her two ■daughters. She prays that the donation be ¡annulled, and that defendants be condemned "to return to her the $11,500.
Defendants urgednumerous defenses, among -which was the following: That the onerous donation was not $11,500, as alleged, but only •of $11,300. That said sum did not constitute ••all that the plaintiff had, but that she still •retained the following property: The $3,000 note of Miss Mary Peters, which was a good mote; the Orange street property, or the proceeds thereof, $2,100; and over $800 worth of household and other effects. That this property was ample for her subsistence, especially in connection with the valuable right to support and maintenance under the contract with Mrs. Peters. That the onerous donation was not null, but that, if it was held to be so, plaintiff should recover only after deduction of the amount furnished her by way of support and maintenance under said onerous donation, which was more than $6,000.
In the trial court, the case was decided against Miss Ackermann. On appeal to this court, that judgment was set aside, and all the issues in the case were finally disposed of, except the one which is raised by the defense hereinabove set forth; and the case was remanded to be tried on that issue. The remanding decree reads, as follows:
“It is therefore ordered, adjudged, and decreed that as to Clara M.- Peters, wife of W. D. Gardiner, the judgment appealed from be affirmed, and that as to Miss Catherine L. Peters said judgment be annulled, avoided, and reversed, and the case remanded for the sole purpose of enabling said defendants, as also the plaintiff, to offer evidence as to the property owned by the plaintiff upon and after January 1, 1891, and as to the costs of her maintenance in the Peters family, from, say, October 15, 1890, to May 19, 1903.” 116 La. Ann. 101, 40 South. 581.
A trial was had on the issue as thus restricted, namely, what property did Miss Ackermann still have on the 1st of January, 1901, i. e., after the donation of October 10, 1890.
Defendants proved that at that date — that is to say, after she had made the donation of $11,300 — she still had the following property: The $3,000 note of Miss Mary Peters, which was a good note; the $2,100, proceeds of the Orange street property; and over $882 worth of household and other effects. And that under the onerous donation more than $5,000 had been given her by way of board, cash money, etc., etc.
Miss Ackermann repeated the testimony given by her in the Hoffman suit, to the effect that the sale of the Orange street prop *757 -erty had been a sham sale; that she had not made any donation whatever to Mrs. Peters 'but had purchased during the years 1891 and 1892, in the names of Clara and Catherine Peters, the several pieces of real estate •of which she had claimed the ownership in her former suit. She added, however, that ■the Peters family pretended that she had donated the sums thus invested, and that these sums aggregated $11,350.
Upon the foregoing pleadings and facts, mo other judgment can be rendered than that Miss Ackermann retained enough for her subsistence. Neither in the pleadings nor in the testimony, in the present case, does any ■■one pretend to say that the donation embrac- • ed anything more than the eleven thousand, ■odd hundred, dollars that were left to Miss Ackermann out of her legacy after she had :made the payments and the $3,000 loan.
True, Mrs. Peters and Misses Clara and Mary Peters did say, on the traverse of the .answers in garnishment, that Miss Ackermann had given all her property; but they, in the course of the same examination, qualified that statement by saying that what they meant was that Miss Ackermann had •given all her money, and that the amount giv»en was $11,300. Let it be noted that the $3,-000 note had been long prescribed, and the renewal of it been refused, when the garnishment proceedings were taken; and that therefore the Peters family would have had no interest in testifying on the traverse of the ■answers in garnishment that said note had been included in the donation. Let it be noted, further, that the defendant herself, Miss Catherine Peters, has never varied one iota from her statement that what was given was the $11,300 left after the debts and charges had been paid and the loan of $3,000 made. And let it be noted, finally, that the ■question of whether or not the sale of the •¡Orange street property to Miss Clara Peters was a sham sale is now res judicata against the present contention of Miss Ackermann.
The date of the donation is alleged in the petition to have been October 10, 1890, and that date is correct, within a day or two, according to the evidence. At that date, the $3,000 loan had already been made, and the note taken for it. In order, therefore, that the donation should have embraced this $3,-000, a donation of the note would have had to be made, and such a donation could have been valid only by an actual delivery of the note, and no one has ever pretended to say that Miss Ackermann ever delivered this note. On the contrary, everybody, including Miss Ackermann herself, has always said that Miss Ackermann held on to this note as an existing obligation. The date of the sale of the Orange street property was December 30, 1890, more than two months after the donation, and, moreover, real estate could not be the subject of manual gift. Hence this real estate could not have formed part of the donation.
Miss Ackermann reserved, therefore, all this property, namely, the Orange street property, the $3,000 note, and over $882 of household and other effects. No one can say that this was not enough for her subsistence.
On the former trial, the court left open the questions of what property had been included in the donation, and what property Miss Ackermann still possessed after having made the donation. These questions are now, after a full examination of the facts, decided as above.
In order to decide in favor of Miss Ackermann, the court would have to disregard the allegations of her petition, which fix the date and amount of her donation; disregard her testimony, which denies that she made a donation; divide the testimony of the Peters on the traverse of the answers in garnishment so as to take literally their statement *759 that Miss Ackermann had given all she had; and disregard their qualifications of that statement; and, finally, disregard the overwhelming weight of the evidence in the present case.
Judgment set aside, and suit dismissed, with costs in both courts, except costs of former appeal.