On the Merits.
[3, 4] We have not found that there was simulation or total want of consideration. We have found that there was ample consideration. The testimony sustains the claims of the defendant.
It is stated that the mother, Mrs. Ellen S. Lewis, widow of George W. Lewis, although illiterate, was intelligent and even bright. Her physician mentioned that she was an entertaining old lady with whom he was pleased to converse. This is mentioned in order to add that, although old, she appears to have been amply able to manage her business affairs. She appears in the light of one who wished to remunerate her son and his family for attentions shown. There is evidence of record of attention on the part of defendant, the son of vendor, and of faithful care by defendant’s wife during illness of this vendor, Mrs. Ellen Lewis.
It is true that she transferred the property for a comparatively small amount.
At that time, landed property had little value.
The lands were fertile and in time enhanced in value.
That would not give the right to set aside a dation en paiement on the ground of lesion. The value of the property about the time of the dation en paiement is the test, and not the value of the property many years afterward.
We have seen that the property passed, in the year 1857, from one record owner to another, who also became the record owner; that is, from the sister of the late George W. Lewis to the mother of all the parties to this suit.
Effect must be given to these recorded titles.
If it were possible to set aside, without regard to sufficient evidence, land titles, it would create uncertainty where the law does not intend that there should be.
In our statement of the facts, we have mentioned that only one witness has testified directly as to the existence of a title under private signature.
We have given careful attention to this testimony.
As to contracts regarding movable property, or regarding money over $500, they must be proven by at least one credible witness and other corroborating circumstances. Civil Code, 2277.
When title to land is involved, the rules in regard to evidence are generally strictly construed.
*647 Here, in either case, whether considered as movable property or contracts regarding money, or considered as a land title, as it is, there are no corroborating circumstances.
The witness to whom we have referred above is contradicted by the defendant, in regard to knowledge, who says that he knew nothing about it.
Other witnesses have testified, but in such general terms that the testimony is not convincing.
The parties to these different acts have all departed this life. They lived a number of years after the acts had been passed and recorded without making any attempt at changing the record by having the deed placed of record changing the condition which exists at the present time.
Another incident of the trial is that, one of the interested brothers, Mr. Uncus Lewis, to whom reference was made during the trial, was absent. It may be that his testimony would have thrown light upon the subject.
He was absent and no good reason accounts for his absence at that particular time.
The absence of this brother in this closely contested ease, in which each item of jproof is of importance, seems to us has some ¡bearing and is to be considered in connection ■with the many years of silence of the parities in interest.
One witness does not have it in his power, ¡by his own testimony, to set aside a title 'which has remained unquestioned for many ;years.
W.e are enforcing a special rule regarding the tenure of real estate, and cannot part from that rule even though this one witness is, doubtless, most sincere in all that he has .stated.
It remains as a fact that the purpose of the suit' was to prove that a third person, Mrs. Ellen Lewis, was a person interposed to' receive title for Geo. W. Lewis, her brother. The testimony offered is verbal. Testimonial proof to show title was not admissible.
The case of Barbin, Adm’r, v. Gaspard et al., 15 La. Ann. 539, is very much in point. It holds, in substance, that testimonial proof is not admissible in support of such a claim.
See the decisions in Nouvet v. Vitry, 15 La. Ann. 653; Dohan v. Dohan, 42 La. Ann. 449, 7 South. 569; Perrault v. Perrault, 32 La. Ann. 635; Hackenburg v. Gartskamp, 30 La. Ann. 898; Dusfreme v. Aime, 4 La. 166; Brasseur v. Her Husband, 2 La. 593; Fuselier v. Fuselier, 5 La. Ann. 132; Sagory v. Bouny, 42 La. Ann. 620, 7 South. 785; Heiss v. Cronan, 12 La. Ann. 213; Linton v. Wikoff, 12 La. Ann. 878; LaLane v. Payne, 42 La. Ann. 157, 7 South. 481.
Both Hoffmann v. Ackermann et al., 110 La. 1070, 35 South. 293, and Westmore v. Harz et al., 111 La. 305, 35 South. 578, are recast and reaffirm the principle announced in the first decisions cited.
Before concluding we will state that, in order to arrive at the conclusion that the judgment appealed from is erroneous, it would be necessary to determine that a private sale never recorded was within the knowledge of the vendee — a deed lost or destroyed. To have that deed accepted would require further evidence than the oral testimony of one witness.
The facts and circumstances of this case are such that we are constrained to confirm the title.
For reasons stated, and the law and the evidence, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.