PROVO STY, J.
Defendant Trotti went into voluntary bankruptcy. He mentioned in his schedule of assets a house and lot, but at the same time declared same to be his homestead, which he was not required to give up to his creditors. The present suit is by his trustee in bankruptcy to recover the property for the bankruptcy. Some two months before the filing of his petition in bankruptcy, defendant made a sale of this property to a Mrs. Tonges, and about 20 days after the adjudication in bankruptcy Mrs. Tonges made a sale of the property to defendant’s wife. Mrs. Tonges and Mrs. Trotti are made defendants, and the said sales are asked to be annulled as simulations. The admission is now made that said sales were simulations, and there is now no contest in that connection; the only question being as to whether the property is defendant’s homestead.
Plaintiff adduces three reasons why it is not: First, that defendant is not owner of the property, the title being in his wife; second, that at the time defendant went into bankruptcy he had not been occupying the property for two years; and, third, that the defendant’s wife is in the actual enjoyment of property worth more than $2,000.
For disposing of the latter two grounds, a statement and analysis of the evidence would be necessary. This we will spare ourselves the trouble of, as our opinion can be rested on the first ground which only involves an application of plain law to undisputed facts. We may add, however, that the other two grounds are fully supported by the evidence, and are each of them as fatal as the first to the defendant’s case.
Defendant testified that he divested himself of the title to the property in order to protect it against the children of his first-marriage in the interest of the children of the present marriage. Whatever was the defendant’s motive, he divested himself of the title; and the property was from that time no longer (in the language of the Constitution) “bona fide owned” by him. In attempting to place the property beyond the reach of his children, he placed it beyond his own. True, his wife makes no defense to this suit, but, even if the present suit were dismissed, the defendant could not recover the property from her.
In support of the proposition that a debtor' can no longer claim the homestead when he' has, by a fraudulent conveyance, divested himself of title, the learned counsel for plaintiff cite McDowell v. McMurria, 107 Ga. 812, 33 S. E. 709, 73 Am. St. Rep. 155; Cassel v. Williams, 12 Ill. 387; Sumner v. Sawtelle, 8 Minn. 309 (Gil. 272); Huey’s Appeal, 29 Pa. 219; but the proposition appears to us to be a plain one hardly needing the support of authority.
Judgment affirmed.