SOMMERVILLE, J.
Plaintiffs are four of the children of the defendant, John Karcher, and his deceased wife, Mrs. Armantine Huber. The other defendant is Bernard J. Karcher, brother of plaintiffs. Another child, Gammille Sidney Karcher, died intestate, leaving plaintiffs and defendants as his heirs. Plaintiffs allege that their deceased mother left a certain piece of property in the city of New Orleans, which was her separate and paraphernal property, and which was acquired by her by donation from Adam Scheondof, by act before M. C. Soniat, notary public, May 17, 1890; that they are each one the owner of Vi2o thereof; that Bernard Karcher is the owner of 23A2o! and that John Karcher is the owner of V120; and they ask that they, together with defendants, be declared the owners of said property in the proportions just set forth; that there be a partition thereof by licitation; and that John Karcher render an account for the rents and revenues received by him.
Defendant, John Karcher, denies that the property was the separate property of his wife; and he alleges that on the day on which the donation referred to in plaintiffs’ petition was made by Adam Scheondof that he, John Karcher, had made a simulated sale to Scheondof of seven lots of ground, among which was the one referred to, and that the simulated sale did not in any way change the nature of the previous ownership of defendant ; that the property was community property, and that at the death of his wife he remained the owner of one undivided half thereof, and usufructuary of the other half during his natural life; that Adam Scheondof has made a counter letter, in which he. admits that the sale by Karcher to him was a simulation, and that he paid no money therefor; and that defendant, John Karcher, has accepted such counter letter. He denies ownership of the plaintiffs in the property except in the naked ownership of the undivided one-half.
There was judgment in favor of plaintiffs ordering a partition of the property by licitation, and a money judgment for rents and revenues. John Karcher alone has appealed.
[1] May 17, 1890, John Karcher sold to Adam Scheondof 7 lots of ground for the stipulated price of $1,100 cash. On the same day, before the same notary, Adam Scheondof made a donation of one of these lots to Mrs. John Karcher. It is this lot which is in contestation in this suit. To this act of donation John Karcher appeared and authoriz *291 ed his wife to accept the donation. He now desires, after the death of his wife, to show that he, and not Adam Scheondof, was the owner and donor of the lot. This he cannot do. He is estopped by the deed which he signed authorizing his wife to accept the donation of the lot from Adam Scheondof, the owner thereof.
“Where the party solemnly admits a fact by a deed under his hand and seal, he is estopped not only from disputing the deed itself, but every fact which it recites.” Watson v. Succession of Barber, 105 La. 456, 29 South. 949; Hermann on Estoppel, § 615.
Plaintiffs, together with their two brothers, acquired the ownership of this property by inheritance from their deceased mother; and their father is estopped to deny that his wife was the owner thereof, and that it was separate paraphernal property. This disposes of the case; and the judgment appealed from will be affirmed.
[2-4] After the death of Mrs. Karcher, it appears that Adam Scheondof reconveyed to Karcher the remaining 6 lots which he had purchased from Karcher. And Karcher admits that he sold these lots to several parties, declaring in the acts of sale that he had acquired title thereto in 1897, after Mrs. Karcher’s death. On the witness stand he admits that he received the selling prices of these several lots, declaring:
“Those other lots (referring to the six lots) were my property, sir. I bought them from Mr. Scheondof two or three years after my wife’s death, and remunerated him for money that he loaned me.”
After selling, by authentic act, the seven lots to Adam Scheondof in 1890; and, after admitting in another authentic act that Adam Scheondof was the owner of one of these' lots, which Scheondof donated to Mrs. Karcher ; and after declaring in several other acts that he had acquired title to these lots from Adam Scheondof in the year 1897, after his wife’s death; and after testifying in this case that he was the owner of those six lots —he produces and offers in evidence what he terms a counter letter, made January 25, 1913, 23 years after the sale by him to Scheondof, and after he had been notified that this suit was to be instituted. In this counter letter, Adam Scheondof declared that the sale by Karcher to him was a pure simulation; that he had never paid a cent for the purchase of said property; and that the donation to Mrs. Karcher was a mere simulation, made at the request of his brother-in-law, John Karcher. This counter letter comes too late. A counter letter is defined to be:
“An agreement to reconvey where property has been passed by absolute deed with the intention that it shall serve as security only. A defeasance by a separate instrument.” Bouvier.
The law does not require that an act of sale shall be made in one writing, or on one piece of paper. It may consist of one or more acts, executed at the same time; or, even at different times, if rights of third persons have not accrued. In such case the two or more acts must be construed together.
“All the clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.” G. G. 1955.
But counter letters can have no effect against creditors, or bona fide purchasers; or other persons who have acquired interests in the property. G. O. 2239.
“No principle is better established in law or moral justice, than that third persons acting in good faith, shall not be prejudiced by the frauds of others, in which they have no agency or concern.” Foster v. Foster, 11 La. 408; Stockton v. Craddick, 4 La. Ann. 282.
The counter letter was clearly manufactured for the purpose of defeating plaintiffs in this suit; besides, as has been seen, Karcher was estopped to become a party to the act. Plaintiffs had acquired title to the property without any knowledge on their part of the fraud which is now said to have been practiced. And, again, John Karcher was not acting in the same capacity at the time of the passing of the two acts. In 1890, when he sold to Adam Scheondof for a consideration, *293 he was the head and master of the community existing between him and his wife; and he cannot be heard, after the dissolution of that community, to say that he was guilty of a fraud, and thereby deprive the heirs of the wife of the property inherited by them from her.
During the pendency of the suit, and after all the evidence had been taken, the defendant, John Karcher, made another act, wherein he attempted to revoke the donation alleged to have been made by himself, although in the name of Adam Scheondof, to his deceased wife. It has been held that Karcher was estopped to deny that the lot in question was the property of Scheondof by his being a party to the act of donation, in which it was stated that Scheondof was the owner. And as it legally appears on the face of the papers that Scheondof made the donation, he, Karcher, cannot revoke the donation which he authorized his wife to accept.
Testimony was heard as to the rents and revenues of the property involved; and a money judgment was rendered in favor of plaintiffs and against defendant, John Karcher, for $1,042. Defendant testified that he kept no accounts, and that he was not able to say what rents had been received by him, or what he had paid for taxes, repairs, etc. The testimony for plaintiffs showed that there was a balance of about $1,042 which should be accounted for, which amount has been ordered by the judgment of the district court to be carried into the mass for a partition among the owners of the property.
Defendant has filed in this court a plea of prescription of three years to the claim of plaintiffs for rents and revenues. Plaintiffs are not claiming rents in this suit; they are asking for an accounting by their agent of rents and revenues which he has collected for their account. The plea is overruled.
Judgment affirmed.
O’NIELL, J., concurs in the decree.