No. 589

First Circuit

FUSSELL v. BURRIS BROS., LTD. ET AL.

(March 5, 1930.   Opinion and Decree.)

M. I. Varnado, of Franklinton, attorney for plaintiff, appellee.

Ott & Johnson, of Franklinton, attorneys for defendant, appellant.

ELLIOTT, J.  Mrs. Ella K. Fussell, wife of John M. Fussell, claims to be the owner for a valuable consideration of a tract of land containing 42.65 acres, described as being the same property acquired by her from Alcee D. Fussell on the 12th of October, 1928, as per deed on record in Conveyance Book 53, p. 147.

She alleges that notwithstanding her ownership of said property, Burris Bros., Limited, has caused the seizure thereof by the sheriff in the matter of Burris Bros., Limited vs. Alcee Fussell, No. 5143, and that unless they are enjoined and restrained by an order from the court, they will advertise and sell said property to her irreparable injury.

She further alleges ownership of a note for $600 secured by a chattel mortgage on a mule, horse, colt, ten head of stock cattle, and 20 head of hogs; but we understand from the record, that all claim on her part for an injunction, insofar as concerns said movable property, was abandoned in the lower court, and that there is no contest concerning same on this appeal. We therefore do not consider and express no opinion on the subject of her alleged chattel mortgage on this movable property, but confine ourselves entirely to the consideration of her title to said land.

The petition for injunction was filed on May 13, 1929.  Service of the writ was waived by the opposite parties.

In getting out the injunction the plaintiff took no account of Act 29 of 1924, section 1, which provides:

"That hereafter no writ of injunction shall be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity given for hearing of the opposite party."

Her petition contains no request that Burris Bros., Limited, and the sheriff be notified to show cause, as required by said act. The clerk of court in granting the order did not order that notice be given, and none was given; but an injunction bond was filed and a writ issued staying the sale.

On May 15, 1929, Burris Bros., Limited, ruled her into court to show cause why the writ of injunction should not be decreed to be null and void, for the reason that previous notice thereof had not been given them as required by law. Mrs. Fussell on the same day filed an amended and supplemental petition in which she prayed that notice of the injunction issue to Burris Bros., Limited, and to said sheriff calling on them to show cause, as the law directs. Burris Bros., Limited, moved to dismiss her amended and supplemental petition, but the minutes of the court do not show any action by the court on this motion. The minutes on the same day show that defendant's rule on her to show cause why the writ should not be decreed to be null and void was acted on by the court and decreed to be illegal and null and void. But the record contains no judgment on the subject other than this minute entry.

Plaintiff's original and amended and supplemental petition was then answered by defendant Burris Bros., Limited. In their answer they deny that she is the owner of the real estate described in her petition, and allege that the title which she sets up thereto is a pure simulation.

On October 24, 1929, defendant filed an exception to plaintiff's original and amended and supplemental petition on the ground that the same disclosed no right or cause of action, which was overruled, and on the same day the trial of the case on the merits was taken up, resulting in a judgment in favor of the plaintiff, making absolute the injunction which she had sued out.

Defendant has appealed.

As for the exception of no right or cause of action filed by Burris Bros., Limited, the title which plaintiff sets up contains the following statement:

"It is understood that the vendee herein is purchasing with her own separate funds and is to be her separate property, and is not being purchased by her for the community, but for her own separate use and benefit."

Under Act 132 of 1926, Mrs. Fussell has standing in court to claim and defend her right to property so purchased. The exception was properly overruled.

The lower court, it seems, after holding that the injunction sued out was null and void, held that the nullity had been remedied by the amended and supplemental petition. The amended and supplemental petition prayed for notice, and notice was then given. The plaintiff did not sue out a new writ; the one issued was not merely irregular or informal, it was an absolute and incurable nullity. But we think it well to place our judgment on the merits of the case.

The defendant urged, against the issuance of the injunction, that the title in question was a pure simulation, and we agree with the defendant that such was the case.

The act in question is under private signature. The plaintiff in her petition for

injunction does not allege delivery of the property to her under said act. The evidence shows that none took place.

Alcee D. Fussell, defendant's judgment debtor and plaintiff's pretended vendor, is her son. He continued to reside on the property after, just as he did before, the sale. Mrs. Fussell says he paid her rent; but all her testimony, as well as that of Alcee D. Fussell, on the question of rent, and about the consideration for this sale, the money she had loaned to him which she claims he repaid by making the title over to her, is incredible. Acting on their answers to the questions propounded to them by the defendant, we are satisfied that the title is a pure simulation. That Alcee D. Fussell has not in fact parted with his title to this property, but that he merely placed the title in his mother's name thinking to shield it from the seizure of Burris Bros., Limited. Such was also the purpose of his mother, the plaintiff. The intent to sell and buy and the consideration was not present in the execution of the act. Such being the case, the injunction must be annulled as having been erroneously granted, and the registry of the act spread on the conveyance record must be canceled.

For these reasons the judgment appealed from herein is annulled, avoided, and set aside. The act from Alcee D. Fussell to Mrs. Ella K. Fussell, set up in her petition, is decreed to be a simulation, and as such null and void. The injunction granted by the lower court based on said simulated sale is dissolved, and it is further ordered that the registry of said act in the conveyance records be canceled.

Plaintiff and appellee to pay the costs in both courts.

LECHE, J., not participating.