After a review of the evidence in the case, we concur in the findings of fact made by the trial judge.

Judgment affirmed.

139 So. 767

**FUSSELL v. BURRIS BROS., Limited.**
No. 30981.

Feb. 1, 1932.

Ott & Johnson and O. H. Carter, all of Franklinton, for appellant.

M. I. Varnado, of Bogalusa, for appellee.

ROGERS, J.

This is a suit for recognition of a homestead exemption. Alcee D. Fussell, the plaintiff, owned and occupied as a homestead certain property, which, on October 12, 1928, he deeded to his mother, Mrs. Ella K. Fussell. This deed was duly recorded in the parish records. At that time Fussell was indebted to Burris Bros., Limited, the defendant, on a note and an open account, in the sum of $488.61, with interest and attorney's fees. On November 21, 1928, Burris Bros., Limited, sued on its claim, obtaining judgment thereon in February, 1929. Shortly thereafter, Burris Bros., Limited, in execution of its judgment, caused the property described in the deed from Fussell to his mother to be seized as the property of its judgment debtor.

Mrs. Ella K. Fussell, the record owner of the property, obtained a preliminary injunction prohibiting its seizure and sale. Answering this suit, Burris Bros., Limited, alleged that the sale to Mrs. Fussell was a simulation, and, in the alternative, that it was made in fraud of creditors. The district court held that Mrs. Fussell was the owner of the property, and perpetuated the injunction. On appeal, the Court of Appeal reversed the judgment, dissolving the injunction, declaring the sale simulated, and ordering its cancellation from the parish records, 12 La. App. 516, 126 So. 537. No rehearing was asked, and in due course the clerk of court canceled the sale from the records of his office. Thereafter the property was reseized under the original writ and was readvertised for sale. Alcee D. Fussell, the judgment debtor, then filed this suit to enjoin the seizure and sale, on the ground that the property was

exempt from seizure, being his homestead. The court below rendered judgment in favor of Fussell, recognizing the homestead exemption and prohibiting the seizure and sale. Burris Bros., Limited, the seizing creditor, has appealed.

Defendant admits that plaintiff's claim contains every element required for a homestead exemption, except that of the bona fide ownership of the property, which is expressly denied. Defendant's denial of plaintiff's ownership of the property rests on its contention that plaintiff cannot question the title of his mother, notwithstanding the deed on which that title rested has been at its instance judicially declared to be a simulation.

We think the case is governed by the ruling in Pizzolato v. Fontenot, 147 La. 601, 85 So. 605. In the syllabus of the decision, it was said of a state of facts similar to the one involved in this case: "Simulated sale of homestead property by widower to a son, attacked and revoked by the widower's creditors, did not divest the widower and his minor child of their homestead exemption under Const. art. 244, simulated sale being void and having no effect. * * *"

Article 244 of the Constitution of 1898, under which the case was decided, is substantially the same as section 1 of article 11 of the Constitution of 1921, which is applicable to the present controversy.

In the opinion, itself, in the Pizzolato Case, after reciting the facts and reviewing the law, the court held that the creditors of Pizzolato had an interest in suing to set aside the fraudulent and simulated sale which he had made to his son, because a homestead exemption is temporary, existing only so long as the conditions prevail under which it is allowed by the Constitution; and that, when the conditions ceased to exist, the creditors' judicial mortgages would become executory. But the court also held that, although the property reverted to Pizzolato burdened with the judicial mortgage in question, the simulated sale did not have the effect of divesting Pizzolato and his minor child of their homestead exemption, because the simulated sale, being absolutely null and void, had no effect. The court further correctly remarked that "the judgment creditors are no better off now, so far as the debtor's homestead is concerned, than they would be if he had never made the simulated transfer of it."

Appellant refers to the cases of Gilmer v. O'Neal, 32 La. Ann. 979; Babineau v. Guilbeau, 52 La. Ann. 992, 27 So. 549; and Kinder v. Trotti, 130 La. 360, 57 So. 1005. These three cases were considered in the Pizzolato Case, wherein the first two were differentiated and the third was partially overruled.

Appellant also refers to Ackerman v. Peters, 113 La. 156, 36 So. 923, and Karcher v. Karcher, 138 La. 288, 70 So. 228. But neither of these cases is appropriate to the case presently before us.

Burris Bros., Limited, originally seized the property involved in this suit as that of Alcee D. Fussell, their judgment debtor, ignoring the deed from him to his mother, Ella K. Fussell. And, in the litigation which ensued with Mrs. Fussell, it successfully maintained that contention, securing a judgment in its favor decreeing the nullity of the deed and ordering its erasure from the parish records. In the present case, although it has reseized the property as belonging to Fussell,

its judgment debtor, Burris Bros., Limited, set up that, because of the deed which was annulled and canceled from the records at its instance, Fussell is not the owner of the property. But Fussell must be either the owner or not the owner. If he is not the owner, then Burris Bros., Limited, cannot assert any claim against the property. If he is the owner, and the Court of Appeal has so decreed, then the property is protected from any seizure by Burris Bros., Limited, under the homestead exemption granted him by the Constitution. So far as the exemption is concerned, the seizing creditor is no better off now than it would be if its judgment debtor had never transferred the homestead to his mother.

For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., dissents.