## Succession of GRIFFIN.
### No. 1538.

Court of Appeal of Louisiana. First Circuit. Feb. 20, 1936.

Robert R. Stone, of Lake Charles, for appellants.

Modisette & Adams, of Jennings, for appellees.

OTT, Judge.

The deceased, Lillie Griffin, a colored woman, lived in concubinage with Richmond Johnson, from about 1889 until 1919, in which latter year Johnson married her. Lillie died a few years after her marriage to Johnson.

Lillie Griffin left at her death two natural sons, Walter and Howard Johnson, issue of her illicit relations with Richmond Johnson, and a natural grandchild, Leola Washington, the acknowledged illegitimate daughter of Sweetie Thomas, a predeceased natural daughter of said Lillie Griffin. After the death of Lillie Griffin, her natural son, Walter Johnson, died leaving a widow, Ella Johnson, whom he had constituted his universal legatee, and an adopted minor child, Maud Ruth Johnson.

This suit was initiated by Ella Johnson for herself, as universal legatee of Walter Johnson, deceased, and as natural tutrix of said adopted minor, and by said Leola Washington, the natural grandchild of said Lillie Griffin, in which they seek to be recognized as owners in the proportion of an undivided one-third to Leola Washington, two-thirds of one-third to Ella Johnson, one-third of one-third to the said minor, and one-third to Howard Johnson of a small tract of land and improvements standing in the name of said Lillie Griffin on the conveyance records and located in the town of Jennings. The claim is made to this property on the ground that Lillie Griffin owned said property at her death and left as her heirs said Walter Johnson, Howard Johnson, and Leola Washington, the first two being duly acknowledged natural children, and the latter a duly acknowledged grandchild; that the interest of said Walter Johnson, on his death, vested in his universal legatee, Ella Johnson, and his adopted child in the proportion of an undivided two-thirds to the former and one-third to the latter. As Howard Johnson did not join in the petition, he was made a defendant in the proceedings. Richmond Johnson was also made a defendant in this proceeding to have the natural children recognized as heirs to the natural mother under article 926 of the Civil Code.

An exception of no cause or right of action was filed by Richmond Johnson and overruled by the court. As no reference is made to this exception in this court, we assume it has been abandoned.

Richmond Johnson and Howard Johnson filed a joint answer in which they admitted that Walter and Howard Johnson were the duly acknowledged natural children of said Lillie Griffin, but denied that Sweetie Thomas was such acknowledged natural child of said Lillie Griffin, and also denied that said Leola Washington was a duly acknowledged natural grandchild of said deceased. They denied that the property belonged to Lillie Griffin, but aver that the property in question was owned by said Richmond Johnson in the year 1912 when it was sold for the taxes of 1911 to W. C. Braden; that said Richmond Johnson entered into a contract with said Braden in 1915 to redeem said property by the payment of $150 in monthly installments of $10 each which he paid, and in 1918, at his request, said Braden made a deed to said property to Lillie Griffin with whom he was then living in concubinage, but whom he married the next year; that no part of the purchase price was paid by said Lillie Griffin, nor was she present when said sale was made; that he (Richmond Johnson) intended said deed to be a donation of the property to said Lillie Griffin, but that she never accepted said donation nor did she take possession of said property; that said deed was not in proper form for a donation, and was an attempt to make a donation of the propety in the guise of a sale to a concubine. Both these defendants pray that the pretended donation in the form of the sale from Braden to Lillie Griffin in 1918 be declared without effect in law, and that the title to said property be declared to rest in said Richmond Johnson and plaintiffs' claim thereto be rejected.

It might be stated that the above summary of the pleadings sufficiently states the facts in so far as they are necessary to a decision of the case with one or two exceptions. The deed from Braden, the tax purchaser, to Lillie Griffin is dated July 13, 1918, and is an act under private signature, in regular form and duly acknowledged. In the deed both Braden and Richmond Johnson appear as vendors of the property by which deed they each sell, transfer, assign, and deliver to Lillie Griffin all of their right, title, and interest in and to the property in controversy. The recited consideration in the deed is $150 cash. The deed recites that it is a quitclaim deed made without warranty of title. The deed was recorded May 7, 1929.

The trial judge rendered judgment in favor of plaintiffs as prayed for, and the two named defendants appeal.

### Opinion.

■ As defendants are asking that the above deed be decreed a donation in disguise and as such null and void, and that the property be declared to belong to said Richmond Johnson, it becomes of first importance to ascertain what interest, if any, said Richmond Johnson has in the property. He alleges in article 14 of his answer that the property was sold for taxes assessed in his name for the year 1911, and the property was purchased at tax sale in 1912 by W. C. Braden. By his pleadings he admits that his title to the property was divested in 1912. Therefore, it follows that the only way by which he can claim that title subsequently vested in him is in the sale from Braden and himself to Lillie Griffin in 1918. At no other time nor in any other manner has the title left Braden. If Richmond Johnson is now the owner of the property, he must change his position as one of the vendors to Lillie Griffin and substitute himself as the vendee in the deed from Braden. In his effort to do this he is precluded by the parol evidence rule as set forth in articles 2275 and 2276 of the Civil Code. In effect he is attempting by parol evidence to lift the title to the property now standing on the records in the name of Lillie Griffin and to place it in his name. Such an effort is a glaring violation of the parol evidence rule.

In the case of Nouvet, Syndic, v. Vitry, 15 La.Ann. 653, one Courcelle lived in concubinage with the defendant, Vitry, for some nineteen years, during which time Courcelle purchased a large amount of real estate and slaves with his funds, but placed the title to the property in the name of his concubine. After the severance of their illicit relations, Courcelle attempted to recover the property on the ground that he was the real owner and the title in the name of his concubine was a mere simulation; but if it was held to be a donation it was illegal as being contrary to the policy of the law. He was not allowed to prove these allegations by parol. His syndic made the same effort to recover the property for the creditors, but the court held that the title to the property could not be lifted out of the concubine and placed in the name of the debtor by parol testimony. To the same effect was the holding on rehearing in the case of Hoffmann v. Ackermann, 110 La. 1076, 35 So. 295.

Likewise in the case of Westmore v. Harz, 111 La. 312, 35 So. 580, on rehearing, the court held that the title to property taken in the name of a concubine before her marriage to Westmore could not be taken out of her name by parol testimony and placed in Westmore or his heirs even though Westmore purchased the property with his funds and placed it in the name of his concubine.

■ Not only is Richmond Johnson precluded from showing title to the property by parol testimony, but, in addition to that insuperable barrier, he is met with the principle of estoppel by deed. As stated, Richmond Johnson joined in the deed as a vendor when the property was transferred to Lillie Griffin in 1918 by Braden. Richmond Johnson cannot now be heard to repudiate his solemn declaration in that deed whereby he transferred to Lillie Griffin all the right and title which he had in the property, if any, particularly in the absence of fraud or error. Karcher et al. v. Karcher et al., 138 La. 288, 70 So. 228.

Richmond Johnson not being in a position to claim the property, it falls to the heirs of the recorded owner, Lillie Griffin. The answer admits that Walter and Howard Johnson were duly acknowledged as natural children of the deceased. The testimony shows that Leola Washington is an acknowledged natural grandchild. These three inherited an undivided one-third each. It is admitted that Ella Johnson is the universal legatee of Walter Johnson, deceased, and entitled to whatever share Walter Johnson might have had in this property. It is alleged in article 9 of the petition that after Walter Johnson executed his will, he and his wife, Ella Johnson, adopted the minor for whom

a claim of one-third the share of Walter Johnson is now being made by Ella Johnson, but the adoption is denied in article 8 of the answer, and we find no proof in the record of the adoption other than the affidavit to the petition. However, as this point is not urged in this court, we assume that it was the intention of counsel to admit this fact in making the admission relative to Ella Johnson succeeding to the rights of Walter Johnson.

The right of defendants to recover compensation for improvements claimed to have been placed on the property is not now properly at issue.

For the reasons assigned, the judgment is affirmed.