JrPER CURIAM *.
Plaintiffs, the grandchildren of defendants and the children’s mother, filed suit against defendants alleging that defendants were indebted to them for the sum of $67,506.79. On June 3, 1992, plaintiffs amended their petition, alleging discovery of a counterletter which demonstrated that defendants had bought property at 658 Carollo Drive in Sli-dell, Louisiana, in their own name using the separate social security funds of their grandchildren, and had executed the counterletter pledging to transfer the property to the grandchildren with a usufruct for life to their mother as soon as the property was paid off. Along with the amended petition, plaintiffs filed a notice of lis pendens on the property at issue with the clerk of court of St. Tammany Parish.
Defendants filed a motion for cancellation of the notice of lis pendens. The trial court granted defendants’ motion, and issued the following reasons for judgment:
Lis pendens is available to a party who has a title, mortgage, or privilege on immovable property. Nothing in the record of this lawsuit shows that plaintiffs fall into this category. The property is not titled to plaintiffs, and they hold no mortgage or privilege which would encumber the property.
Defendants seek to have the notice of lis pendens canceled asserting that they bought the property plaintiffs seek to have put in their names with their own separate funds. There is nothing in |2the public records to indicate that plaintiffs have any interest in the property that gives them thp right to file a lis pendens against the property.
*1085For the foregoing reasons, defendant’s motion to cancel the notice of lis pendens is granted.
Plaintiffs then appealed the trial court decision to the court of appeal, first circuit. On its own motion, the court of appeal dismissed plaintiffs’ appeal, finding that it was taken from a non-appealable interlocutory judgment.1 Plaintiffs then filed a writ application in this Court. This Court granted plaintiffs’ application, vacated and set aside the court of appeal’s dismissal, reinstated plaintiffs’ sus-pensive appeal, and remanded to the court of appeal for further proceedings, stating:
Granted. Although cancellation of a notice of lis pendens is an interlocutory judgment, relator has made a sufficient showing under the facts of this case that the sale of the immovable property would cause her irreparable harm. La.Code Civ.P. art. 2088. Accordingly, the judgment of the court of appeal dismissing relator’s appeal is vacated and set aside. Relator’s suspensive appeal is reinstated. Case remanded to the court of appeal for further proceedings.2
The court of appeal interpreted this Court’s remand of the matter as an order to address the merits of plaintiffs’ claim re cancellation of the notice of lis pendens, and rendered an opinion affirming the trial court’s decision.3 Plaintiffs now seek writs from that decision, arguing that in its opinion, the court of appeal correctly defined and illustrated the requirements for a valid coun-terletter, but then incorrectly analyzed the letter at issue in this case and determined that it was not in fact a counterletter. As such, plaintiffs argue, the court of appeal erroneously affirmed the trial courts’ decision ordering the cancellation and erasure of plaintiffs’ notice of lis pendens. In sum, plaintiffs have discovered a document which they claim meets all of the requisites of a “counterletter,” and which, according to plaintiffs, demonstrates clearly that: (1) the property at issue was bought by the grandparents with the children’s separate funds; and (2) the property at issue was to be transferred by the grandparents to the children with a usufruct for life for their mother. Therefore, plaintiffs argue, title to the property is at issue, and the notice of lis pendens should not be cancelled. The “counterletter” is reproduced below:
IsTO WHOM IT MAY CONCERN:
IT WAS ORDERED AND UNDER THE JUDGMENT NUMBER 712JJ FILED IN 22ND JUDICIAL DISTRICT JUVENILE COURT ON JAN. 20, 1984. [sic] CUSTODY OF THE CHILDREN NATHEN [sic] ANDREW MAY, S/S 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 AND HEIDI BELOVE [sic] MARTINDALE S/S 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. [sic] WAS PLACED UNDER OUR CARE.
LET THIS LETTER OF INTENT, BE VIEWED AND UNDERSTOOD, THAT WE ARE IN THE PROCESS OF PURCHASING A HOUSE LOCATED AT 658 COROLLO [sic] DR. IN SLIDELL LA. 70458.
THE HOUSE IS BEING PURCHASED WITH SEPARATE FUNDS WHICH BELONGS [sic] TO NATHEN [sic] AND HEIDI. THE HOUSE IS NOW UNDER OUR NAMES, MY WIFE AND I. AND SOON AS IT IS PAID OFF BOTH MY WIFE AND I WILL TRANSFER NAKED OWNERSHIP INTO THE CHILDREN [sic] NAME ALONG WITH GIVING USUFRUCT FOR LIFE TO THERE [sic] MOTHER PAMELA (GRUBER) DAWSEY.
THIS INFORMATION WAS DISCUSSED AND IS IN AGREEMENT WITH MR. MILLER AND MRS [sic] BORROWS OF O.H.D. AS OUR INTERVIEW 2 MARCH 1988, MY WIFE AND I WANT THIS TO DOCUMENT TO PROTECT THE INTEREST OF THE CHILDREN, (NATHEN [sic] AND HEIDI) [.]
*1086AS SHOWN BY BOTH OUR SIGNATURES ON THIS LETTER OF INTENT WE ARE IN FULL AGREEMENTS [sic] WITH THE ABOVE LETTER.
/a/ George W. Gruber, Jr.
GEORGE W. GRÚBER JR.
/s/ Renate M. Gruber
RENATE M. GRUBER
Plaintiffs argue that the court of appeal erred in its determination that this “counter-letter” does not meet the requirements of a valid counterletter, and therefore erred in its determination that the notice of lis pendens should be cancelled because title to the property is not at issue. The court of appeal held:
Plaintiffs’ argument rests on the bare contention that this document is a counterlet-ter which should result in the transfer of title to the property. A counterletter requires no special form, except that it must be in writing. Decatur-St. Louis, Etc. v. Abercrombie, 411 So.2d 677 (La.App. 4th Cir.1982). In its most basic sense, a coun-terletter is an agreement, a contract, between a record owner(s) and non-record owner(s) whereby the record owner recognizes the true ownership interest of the non-record owner. Karcher v. Karcher [138 La. 288], 70 So. 228 (La.1915); Whittington v. Bienvenu, 539 So.2d 832 (La. App. 3rd Cir.1989). We note that this letter lacks some of the essential requirements of a counterletter.
The court of appeal did not further explain which “essential requirements of a counter-letter” the document at issue lacks. However, as noted by that court, “a counterletter | requires no special form, except that it must be in writing.”4
We find that the document is a valid coun-terletter. The document clearly acknowledges that the property at 658 Carollo Drive in Slidell is being purchased in the name of the grandparents with the separate funds of the grandchildren, and that the arrangement has been cleared with officials at the O.H.D. The document also clearly acknowledges that the property is being purchased in this manner in anticipation of transfer of title to the property to the grandchildren, with a usu-fruct for life to their mother. As such, it is a contract which is “the law between the parties,” Whittington v. Bienvenu, 539 So.2d 832, 835 (La.App. 3rd Cir.1989) (citing Pogo Producing Co. v. Sea Robin Pipeline Co., 493 So.2d 909 (La.App. 3rd Cir.1986), writ denied, 497 So.2d 310 (La.1986)), and, therefore, does “affect title ... to the immovable property” within the meaning of La.Code Civ.Pro. art. 3751.
The judgment of the court of appeal is reversed and, under the particular facts of this ease, plaintiffs’ right to have their “Notice of Lis Pendens” on the Carollo Drive property maintained is upheld.
DECREE
The judgment of the court of appeal is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

 Pursuant to Rule IV, Part 2, § 3 of the Rules of the Supreme Court of Louisiana, Dennis, J., was not on the panel which decided this case. See State v. Barras, 615 So.2d 285, 286 n. 1 (La. 1993).

. Dawsey v. Nebel, 93-CA-0395 (9/10/93) (La. App. 1st Cir.1993).

. Dawsey v. Nebel, 629 So.2d 402 (La. 1993).

. Dawsey v. Nebel, 93-CA-0395 R (4/08/94) (La. App. 1st Cir.1994); 637 So.2d 180.

. Dawsey v. Nebel, 93-CA-0395 R (4/08/94) (La. App. 1st Cir.1994); 637 So.2d 180.