MUNICIPALITY NO. ONE *vs.* LEROY.

EASTERN DIST
*March,* 1840.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

MUNICIPALITY
NO. ONE
*vs.*
LEROY.

The vendor of a lot of ground situated in the limits of the Draining Company is not responsible in any way to the purchaser for the mortgage and claim which said company may have on the property sold, for draining and enhancing its value; nor can the latter withhold the price, or compel security to be given, as in case of a disturbance.

This is an action against the maker and endorser of a promissory note. The defendants admitted their signature, but denied that they were liable. They also aver that the note sued on was given in part payment of seven lots of ground, sold with full guaranty to Urbain Leroy, one of the defendants, but that he has since discovered they are situated within the limits of the first section of the New-Orleans Draining Company's operations, which has a mortgage and privilege on said lots given by the act approved March 19th, 1835, and he fears that he will be evicted.

There were some other matters set up in defence; and the defendants conclude with a prayer for the rescission of the sale; or that the plaintiffs be required to give security, in the sum of five thousand dollars, to secure the purchaser against disturbance and eviction.

The plaintiffs exhibited the note and protest in evidence, and had judgment against Leroy, and were non-suited as to the endorser. The defendant, Leroy, appealed.

*Pichot,* for the appellant, relied upon article 2535 of the Louisiana Code for redress; or that security should be given against disturbance from the mortgage of the Draining Company, before payment could be demanded.

*Upton,* for the plaintiffs and appellees, showed that the defendant had no *just reason* to fear a disturbance when the claim upon which that disturbance is predicated arises from an *improvement* of the property he had purchased. The article 2535 of the Code invoked did not apply to this case.

EASTERN DIST.
March, 1840.

MUNICIPALITY
NO. ONE
vs.
LEROY.

*Morphy, J.,* delivered the opinion of the court.

The defendant, being sued on a note given for the purchase of some property in the rear of the city, resists payment on the ground that the lots sold to him by the plaintiffs are situate within the first section of the Draining Company; that the said lots were sold to him free from any mortgage or incumbrance, while the plaintiffs well knew that the company had a legal mortgage on the same; that he fears he may be evicted from the premises in consequence thereof. He prays that the sale of said lots be cancelled, or that the plaintiffs be decreed to give him good and sufficient security that he shall not be evicted or disturbed in the quiet enjoyment and possession of the same. We can hardly believe this defence a serious one, although presented with some degree of apparent correctness. What is the disturbance which the defendant avers that he has just cause to fear? It is one which can take place only through his own fault, or neglect, and for which no warranty is due to him by his vendor. If his land is drained, and, after receiving the benefit of this improvement, the defendant refuses to pay to the company the proportion of the enhanced value for which the law grants them a mortgage, he might truly be troubled and disquieted, but then it would not be on account of a pre-existing claim due by the plaintiffs, for they never promised or engaged to pay for the draining of the property sold to the defendant. The law creating the Draining Company, and granting them a mortgage on all property they should drain and improve, had been in force more than two years when this sale was made; it is even very probable that the fact of the operations of the company being about to be carried into that section, and the prospect of the consequent enhancement of the value of property in that neighbourhood, induced the defendant to make the purchase now sought to be annulled on that account; but be this as it may, and considering the mortgage as really threatening the defendant with a disturbance, it can in no way authorize a rescission of the sale, nor can it entitle the defendant to suspend the payment of the price, or require security, because before the

The vendor of a lot of ground situated in the limits of the Draining Company is not responsible in any way to the purchaser for the mortgage and claim which said company may have on the property sold, for draining and enhancing its value; nor can the latter withhold the price, or compel security to be given, as in case of a disturbance.

sale he was as well informed of this supposed danger of eviction as the plaintiffs could be, by the promulgation of the law of 1835 ; *Louisiana Code, article* 2535.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.

*Bullard,* judge, did not join in this case, having been of counsel.