BLANCBARD, J.
This cause is for the second time before the Court. It came here formerly on appeal by plaintiff from a judgment adverse to her. It was then considered that substantial justice could not be done between the parties in the state of the record as presented on that appeal, and, accordingly, in the exercise of the Court’s discretion, the case was remanded. See 105 La. 246, 29 South. 709.
In remanding it certain instructions were given. These were (1) that the tax title, which is one of the sources of defendant’s tenure and hold of the property, be offered and received in evidence; (2) that testimony be offered to show whether or not the taxes subsequent to the year 1879, assumed in the tax deed, had been paid; and (3) that a survey be ordered to establish the identity, if such be the ease, of the lots described in plaintiff’s petition with the lot No. 6 in square 402 as acquired at tax sale by defendant and his co-purchasers Schemel and Stumpf.
The case is sufficiently stated on the first appeal and need not now be restated in ex-tenso.
There was error in the former opinion in the statement then made that the property in question had been sold in the year 1887 under, an assessment of the same in the name of Benry Muller, husband of the plaintiff, when at the time of such assessment it was the separate property of the plaintiff.
The truth is the property was assessed in 1875 in the name of the true owner, who at that time was Henry Muller. Muller lost the property in September 1875, under an execution against him and it was acquired at the sheriff’s sale by E. K. Washington, whose deed was registered on October 5, 1875. In 1878 (deed recorded in 1879) Washington sold it to Mrs. Mary Muller, who, meanwhile, had, by decree of court, become separated in property from her husband, Benry Muller.
But no one paid the taxes due the State on the property for the year 1875, and so it happened that in the early part of 1887 the tax collector, under the authority of Acts 1884, p. 104, No. 82, sold it for the taxes of 1875 and Jacob Both, Joseph Schemel and John Stumpf became the purchasers.
Benry Muller, the husband of plaintiff, had died before this, to wit: — in 1882.
Since Benry Muller was living in 1875, and since he owned the property at the date of the assessment and until September of that year, it was properly assessed to him for the taxes of 1875.
Those taxes not having been paid the tax collector had authority to sell the property for the unpaid taxes. In his deed to Both, Schemel and Stumpf it is recited that the property and improvements were duly and legally assessed in the name of Benry Muller for the year 1875, and that the Widow B. Muller was the then present owner — i. e., at the date of the tax sale.
Nothing appears to impeach the validity of this tax sale. The record is barren of evidence tending to show it was not made in accordance with the requirements of law. We must assume its legal sufficiency.
But even if anything did appear to discredit it, plaintiff is not in a position to avail *108 herself of the same as the following will show.
Several weeks after their purchase of the property at this tax sale, Hoth, Schemel and Stumpf sold the same to the plaintiff and she accepted title from them.
Mrs. Muller, a widow at the time, was capable of contracting, and she must be held to the consequences of her contract, unless the same was vitiated by fraud, collusion or duress practiced upon her at the time. The record is barren of any evidence showing this. She well knew she was buying a tax title; the act of sale recited how her vendors acquired the property.
Having accepted title from them, she is now estopped to deny they had a title to convey. Armorer, Adm’r, v. Case, 9 La. Ann. 242; Kerwin v. Ins. Co., 35 La. Ann. 35.
She paid $100.00 cash and gave her note secured by mortgage on the property for $250.00. She failed to pay this note and its holder, Rexach, foreclosed the mortgage. At the sale that followed, which was in May 1888, one Hirstius became the purchaser. He subsequently sold the property to Hoth, Schemel and Stumpf — the former owners — and in June, .1890, Schemel and Stumpf conveyed their interest to Hoth, present defendant.
We find from the evidence that the identical property in dispute has been variously described, sometimes as Lot 6 in square 402, bounded by St. Claude, Clouet, Louisa and Marais Streets in the City of New Orleans; sometimes as Lot 22 in square 402, bounded by the streets named; and sometimes as Lot 16 and the half of Lot 15 adjoining, in Square 402, bounded by said streets.
But however designated, whether as Lot 6, or Lot 22, or Lot 16 and the half of Lot 15, it is the same property, measuring forty-seven, and, perhaps, a fraction, feet on St. Claude street, by a depth of 118 feet more or less.
Two surveys were made — each of the litigants engaging a surveyor, who, separately, performed the work. It would have been better for the trial judge, after the remanding of the case, to have appointed surveyors to do the work under the court’s commission.
The surveyors employed by the litigants practically agree as to the exact situs of the property, locating it at about the same distance from the bordering streets, and the witnesses of plaintiff and defendant alike identify it by the municipal numbers 3125, 3127.
The surveyors each presented a m'ap showing the results of their respective surveys, and on these maps the same location is given the property.
And it is proven that the property now in the possession of the defendant, and for which this petitory action is brought to have him ousted as being without title, is the same property formerly occupied by the plaintiff — occupied by her under the title she accepted from Hoth, Schemel and Stumpf as herein-before set forth. Indeed, it is shown that Mrs. Muller owned, at the time of the tax sale made in 1887 for the taxes of 1875, m> other property in square No. 402 except that in dispute.
It is not essential that the lot number on the assessment rolls, or on the tax deed, should correspond with that given in the notarial title. What is essential is that such a description of the property be given on the assessment rolls as will serve to describe and identify it and which does not mislead the owner.- The requirement of section 1 of No. 82, p. 105, Acts 1884, is that it shall “be advertised by a description only sufficient to-identify, describe or deliver the property.”
With regard to the contention of plaintiff that Hoth, Schemel and Stumpf, in purchasing the property at tax sale in 1887 for the taxes of 1875, assumed payment of the State and City taxes due thereon for the year 1880 and subsequent years, and that they did not make good this assumption by paying those taxes, in consequence of which their title never attached, it suffices to say that the taxes for 1880 and subsequent years were paid. The evidence establishes this.
It can make no material difference whether paid by the tax purchasers or by some one else, so that they were seasonably paid.
Besides, the plaintiff is in no position to raise this question, for the reason that some three weeks after Hoth, Schemel and Stumpf bought at the tax sale in 1887 they conveyed the property to the plaintiff, as heretofore seen, and in the act of purchase she (plaintiff) expressly assumed the payment of all state and city taxes “that may be due on and by said property from the year 1880 to the current year 1887.”
The remanding of the case when here on the former appeal, and the subsequent pro *110 ceedings had, has served to demonstrate that the plaintiff’s claim to the property is unfounded in either fact or law.
The judgment of the District Court, negativing for the second time her pretensions, is found to toe correct and the same is affirmed.