(78 South. 439)

No. 21447.

SANDERS et al. v. TREMONT LUMBER CO.

(April 1, 1918.)

*(Syllabus by the Court.)*

ESTOPPEL ⬤29(1)—BY DEED.

While a defendant in a petitory action, who holds by a title derived through plaintiff, may repudiate that title and claim by a new title derived from another person who was the real owner, the rule is well settled that he cannot assail or impugn the title which he holds from plaintiff when his claim of ownership rests entirely upon the validity of that title.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Suit by C. M. Sanders and others against the Tremont Lumber Company. Decree for plaintiffs in part and for defendant in part, and plaintiffs appeal. Judgment amended and affirmed.

Huey P. Long and Earl E. Kidd, both of Winnfield, for appellants. Stubbs, Theus, Grisham & Thompson, of Monroe, and R. W. Oglesby, of Winnfield, for appellee.

LECHE, J. Plaintiffs sue as heirs of their mother, to recover from defendant the undivided half of certain property acquired by their father, during his marriage with their said mother and sold by him, without authority, after her death. The district court refused their demand as to one of the properties in suit, viz.: The southwest quarter of section 8, in township 12 N., R. 1 west, and this appeal, taken by them, is restricted to their claim to that property.

Defendant, at the time of the institution of this suit, and at the time it filed its original answer, owned the south half and the merchantable timber on the north half of the said southwest quarter section, by virtue of titles emanating from the plaintiff's father. But a few days prior to the trial of the case, on March 11, 1915, defendant again bought the same property from the author in title of plaintiffs, filed a supplemental answer, and pleaded this newly acquired title. Plaintiffs then filed a plea of estoppel under which they contend that defendant could not assail the validity of the title which it had originally acquired through mesne conveyances from their father.

The record shows that one Charley Rolen entered the quarter section of land in dispute as his homestead, that he made final proof of his entry on December 12, 1899, and that a final certificate was issued to him on January 8, 1900. The property was sold by Charley Rolen to R. A. Sanders on December 12, 1899, the same day that final proof was made. Sanders had married plaintiffs' mother in the year 1881, and she died September 11, 1900. Sanders sold all the timber on the quarter section on February 25, 1902, and sold the naked land composing the north half

of the quarter section on April 10, 1902. By deed acknowledged December 4, 1911, he then sold the remainder of the land forming the south half of the quarter section.

Defendant, in its supplemental answer, charges that Rolen sold to Sanders prior to making his final proof, and that said sale was void, as being a sale of land still belonging to the United States, and to which he had not yet acquired title.

Unless defendant pleaded a new title, acquired from some other person, it had no interest in attacking the transfer by Rolen to Sanders, and could not impugn that title. It made no attempt to offer evidence as to the time of day at which the final proof was completed by Rolen and the time of day at which the sale to Sanders was executed. These two transactions took place on the same day, December 12, 1899. The court will not presume that Rolen first sold the property and then perjured himself in making final proof. The legal presumption of omnia rite acta, etc., on the contrary, is that Rolen must have completed his final proof before conveying the land to Sanders.

On the trial of the case, the judge, notwithstanding timely objection on the part of plaintiffs, further permitted defendant to offer testimony to show that Rolen had not resided continuously upon the land entered by him as his homestead, and that by a verbal agreement of exchange with one W. P. Allen, he had abandoned the same for more than six months prior to making his final proof, in violation of sections 2291 and 2297, United States Revised Statutes (U. S. Comp. St. 1916, §§ 4532, 4552). The judge's ruling was, in our opinion, contrary to the well-settled rule invoked by plaintiffs that a defendant in a petitory action may not attack or assail the title of one who is the common author of both parties, as title in some one else is as fatal to defendant as it is to plaintiffs. Defendant could have no possible interest in avoiding Rolen's homestead rights. That is a matter which only concerned the United States government. If Rolen's title was based upon perjury, its infirmity or invalidity was not cured by time, but continued up to the moment that defendant obtained from him the conveyance of March 11, 1915, which it pleaded in its amended or supplemental answer. The title thus obtained by it from Rolen on March 11, 1915, was not a new title, but the same title which it had already derived through plaintiffs' father. Plaintiffs' objection to the admissibility of that evidence should have been sustained (Gallagher v. Conner, 138 La. 641, 70 South. 539), and for the same reason defendant should have been held estopped from pleading the matters alleged in its supplemental answer attacking the title of Rolen, common author of plaintiffs and of himself.

For these reasons, the judgment appealed from is amended by recognizing plaintiffs as owners of the undivided half of the timber on the north half of southwest quarter of section 8, township 12 north, range 1 west, Louisiana meridian, and as owners of the undivided half of the south half of the southwest quarter of section 8, township 12 north, range 1 west, Louisiana meridian, together with the timber thereon, and by maintaining and perpetuating the injunction herein issued in so far as it applies to the southwest quarter of said section 8, and by further condemning defendant to pay all costs; and, as thus amended, it is ordered that the judgment appealed from be affirmed, at the costs of defendant and appellee.