ST. PAUL, J.
Plaintiffs allege that they bought a certain rice plantation from defendants under a representation that said plantation had sufficient timber upon it to supply the pumping machine for at least 10 years; that in point of fact the timber on said plantation had previously been sold; wherefore they claim $5,450 damages.
The defense is that, on the contrary, plaintiffs were informed that the timber had been sold; and, moreover, that said sale had been duly registered according to law.
In point of fact the sale of the timber had been registered, but plaintiffs had not searched the record; but the deed to the plantation was an outright sale thereof without any reservation as to the timber upon it.
The testimony 'is conflicting, but in our opinion the preponderance thereof is with the plaintiffs inasmuch as they are corroborated by the circumstances of the case, to wit, that they paid full price for the 80 acres of timbered land, which were worthless to them except for the timber upon it. On the other hand the trial judge found for the defendants.
I.
As the registry laws are intended only as notice to third parties and have no application whatever between parties to a contract, plaintiffs were under no obligation to search the record in order to ascertain what defendants had sold and what they had not, and they are entitled, as between themselves, to rely upon their deed as written.
As so written the deed conveys the whole plantation without reservation as to the timber, and defendants are bound thereon by their warranty for the full extent of the premises as described in the deed, which, as aforesaid, does not exclude the timber thereon. C. C. 2501.
In general parol evidence is not admis-’ sible at all to vary a written deed of sale; but, assuming that it might be admissible in this case since it was not objected to, yet nevertheless when so admitted it ought to be of that conclusive character which leaves no room for doubt that the deed does not express the true intent of the parties. And this is especially true of sales; the seller being always hound to explain himself clearly respecting the extent of his obligations and anything obscure or ambiguous being construed against him. C. C. 2474.
Under the circumstances the burden of proof was upon defendants; and, as aforesaid, we do not think they have discharged that burden.
II.
The evidence satisfies us that the 80 acres of timbered land, off which the timber had been sold, would have supplied each at least 50 cords of fuel; and this corresponds with the 400 cords needed yearly for 10 years. The evidence further satisfies us that the timber, was worth $1 per cord to plaintiffs, being the difference which they did pay, and will still have to pay, for fuel obtained from other sources.
Decree.
The judgment appealed from is therefore reversed, and it is now ordered that plaintiffs, Shelby N. Young and Ray Y. Young, do now have judgment in solido against defendants, Thomas R. Sartor, Walter D. Stock-well, and L. Augustus Stockwell, for the full sum of $4,000, with legal interest from date of this judgment and costs of both courts.
OYERTON, J., recused.
O’NIELL, J., being absent from the state, takes no part in the decision of this case.