## No. 3111

### Second Circuit

### LONG v. GRISHAM

(July 1, 1929. Opinion and Decree.)
(October 1, 1929. Rehearing Refused.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Plaintiff purchased from defendant two lots in the town of Winnfield, La., against which there were recorded paving liens, and plaintiff having been forced to pay the amount of the liens, he instituted the present suit against defendant to recover the amount paid, and defendant appeals from a judgment in favor of plaintiff for the full amount demanded.

The question involved was whether or not defendant was obligated in warranty to plaintiff to protect him against the recorded paving liens, and, while several questions were raised on trial in the district court, the only question presented here is as to the effect which should be given to the fact of the paving liens having been recorded at the time of the sale, in determining the extent of the obligations of defendant under article 2501 of the Civil Code, providing that, "although at the time of the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale;" and appellant, considering the latter part of the article, reading *"and against the charges claimed on such thing, which were not declared at the time of the sale,"* urges that registry conveyed notice to all persons of the existence of the liens and that it was not necessary for defendant to màke any declaration of the liens in order to be relieved of warranty against same.

In support of the position, appellant cites Municipality No. 1 vs. Leroy, 15 La. 147. However, in that case the court did not discuss article 2501 of the Civil Code. But assuming that a general rule was announced in that case, as application to the obligations of vendors of land under a general warranty or the warranty implied by law, the rule does not go further than to provide that, where land may be burdened with a lien or privilege resulting from a special assessment for local improvement, the vendor of such land, prior to the improvement being made, is not bound to protect the property in the hands of the vendee against the privilege or lien; and, if it were shown in the present instance that the improvement or pavement for which the assessment and lien were granted had not been made at the time of the sale to plaintiff, it might be said that the case cited was applicable, as it might be equitably contended that the property had not been benefited until the improvement was made, and that the lien should be paid by the vendee; but such is not the situation presented.

Warranty is implied, and the vendor, in the absence of a stipulation to the contrary, is bound to protect the property in the hands of the vendee against the charges, mortgages, privileges, etc., with which the property is burdened at the time of the sale (article 2501 Civil Code) and there is not any decision cited in which it is declared that, where the charge, mortgage, etc., is recorded, the vendor will be relieved of protecting the property against such charge without a declaration or stipulation to that effect.

In determining the extent of the warranty or the obligation of the vendor of immovable property, where the transfer is made with a stipulation of general warranty, as in the present instance, the act of sale is alone to be considered and construed with the law declaring the effect of a general warranty, in the absence of allegations and proof of error (Young et al. vs. Sartor et al., 152 La. 1064, 95 So. 223; Goodloe vs. Hart, 2 La. 447); but, if resort could be had to other matters to restrict the obligation of the vendor or show the intent of the parties, as that the charges, privileges, etc., for which the vendor is sought to be held liable under the obligation of warranty, was recorded at the time of the sale, proof of such fact would not show that it was the intent of the parties that the vendor should not be bound to

438

protect the vendee against such recorded privilege.

In O'Shee vs. Chaudoir, 158 La. 321, 104 So. 59, it was held that, when at the time for the execution of a deed for the sale of land paving of a street on which the property abutted had been completed, accepted, and approved by the municipal authorities, the payment of the cost of paving rested on the vendor and not on the vendee; and, in the present instance, the evidence showing that, at the time of the sale by plaintiff to defendant, the paving for which the lien was granted had been completed and accepted, and the lien recorded, we do not think that, even considering the obligation in warranty of the defendant from an equitable point of view, he could complain of the judgment, as the duty of paying for the pavement rested on him.

The judgment is affirmed.