(137 So. 52)

## RELIANCE HOMESTEAD ASS'N v. BRINK.

### No. 31367.

July 17, 1931.

Rehearing Denied Oct. 6, 1931.

Titche, Kiam & Titche, of New Orleans, for relator.

Rosen, Kammer, Wolff & Farrar, Theodore Roehl, and Azzo J. Plough, all of New Orleans, for respondents.

ROGERS, J.

The Reliance Homestead Association, as the holder of a note for $55,000 executed by Warren W. Brink, secured by vendor's lien and mortgage on certain real estate in the city of New Orleans, proceeded by executory process for the enforcement of its mortgage rights. Pending the advertisement of sale by the sheriff, relator, William M. Neihysel, as the holder of seven mortgage notes of $5,000 each, signed by Edmund H. Leininger, filed a petition of intervention and third opposition. The relief sought by intervener and opponent was to have the notes held by him declared to be a first mortgage and vendor's lien entitled to a preference over the note held by the Reliance Homestead Association. He asked for a temporary injunction to restrain the Reliance Homestead Association from proceeding further in the matter, and the court below issued a rule nisi against plaintiff to show cause why the relief prayed for by the intervener and opponent should not be granted.

On the day fixed for the hearing of the rule, the Reliance Homestead Company filed a return including, among other defenses, an exception of no right or cause of action and a plea of estoppel. The court below after hearing argument thereon, maintained the exception of no right or cause of action and dismissed the intervention and third opposition. William M. Neihysel, the intervener and opponent, then applied to this court for the exercise of its supervisory powers. His application was granted, and the matter is now before us for review.

The property involved herein is situated at the corner of St. Louis and Bourbon streets, and was subject to numerous transfers between May 24, 1927, and February 21, 1929. All these transfers were executed by authentic acts before the same notary and were duly registered in the conveyance office.

On May 24, 1927, Edmund H. Leininger conveyed the property to the Progressive

Realty Company, Inc. Subsequently, to wit, on February 20, 1928, Leininger, apparently ignoring this conveyance, transferred the property to the Reliance Homestead Association. On the same day, the Reliance Homestead Association sold the property to Warren W. Brink and received as consideration therefor the purchaser's note for $55,000, which note was secured by mortgage and vendor's lien. This is the note herein sued on. On April 10, 1928, Brink conveyed the property to the Progressive Realty Company, Inc. On October 27, 1928, the Progressive Realty Company, Inc., sold the property to William M. Neihysel, the relator herein. And on February 21, 1929, Neihysel sold the property to Edmund H. Leininger, its original owner. The notes held by Neihysel and on which he is proceeding in this case form a part of the consideration for this sale.

Relator argues that the sale of February 20, 1928, from Leininger to the Reliance Homestead Association is null because Leininger had previously, to wit, on May 24, 1927, sold the same property to the Progressive Realty Company, Inc. And that relator's title should be traced through his vendor the Progressive Realty Company, Inc., directly to Leininger under the sale of May 24, 1927, and not through Brink and the Reliance Homestead Association under the subsequent sales. And further that the Progressive Realty Company, Inc., acquired only the improvements from Brink. But the scope of the argument is broader than the allegations of the petition of intervention and third opposition filed by relator in the court below.

According to relator's petition, and the annexed documents, his title to both lot and improvements is not deraigned from Leininger through the Progressive Realty Company, Inc., but is deraigned from Leininger through the Reliance Homestead Association, Brink,

and the Progressive Realty Company, Inc. All the acts of sale conclusively establish this. In the act of sale by the Progressive Realty Company, Inc., to relator, dated October 27, 1928, in addition to the recital that the vendor had acquired the property from Warren W. Brink by act of sale dated April 10, 1928, it is declared that the vendee (relator herein) takes title to the property subject "to the homestead mortgage presently bearing against the property to which purchaser takes notice, but does not assume." The mortgage referred to is the one for $55,000 given by Brink to the Reliance Homestead Association and which is sought to be foreclosed herein.

In the subsequent sale by the relator to Leininger of the property herein involved and other property, it is recited that the property was acquired by relator by purchase from the Progressive Realty Company, Inc., by notarial act dated October 27, 1928. The stipulated consideration in this act of sale is $10 cash and other valuable consideration. The other valuable consideration is stated in the deed to be (a) "mortgages now bearing or resting against the property in favor of the Reliance Homestead Association, of which purchaser takes notice and assumes payment of same as part of the consideration for this sale and transfer," and (b) "as a further consideration for this sale and transfer purchaser (Leininger) has furnished fifteen promissory notes each for the sum of $5,000, etc." The mortgage expressly recognized and assumed in this act of sale is the one for $55,000 sued on herein; and the seven notes held by relator are a portion of the fifteen notes given by Leininger as additional consideration for the sale.

The Progressive Realty Company, Inc., in its deed to relator having set out its title as being acquired from Brink cannot

urge that Brink had no title to convey. And the Reliance Homestead Association, in its deed to Brink having set out its title as being derived from Edmund H. Leininger, Brink cannot urge that Leininger had no title to convey. Relator has no greater rights than his vendor, the Progressive Realty Company, Inc., or its vendor, Warren W. Brink, or Brink's vendor, the Reliance Homestead Association. Therefore, relator cannot urge that the Reliance Homestead Association, Warren W. Brink, and Edmund H. Leininger had no title to the property. The rule is well settled that no one can impugn the title under which he holds. Sanders v. Tremont Lbr. Co., 143 La. 181, 78 So. 439; Gallagher v. Conner, 138 La. 633, 70 So. 539; Muller v. Hoth, 110 La. 105, 34 So. 162; Clemens v. Meyer, 44 La. Ann. 390, 10 So. 797.

Moreover, relator in the act of sale wherein he acquired the property from the Progressive Realty Company, Inc., expressly took notice of the homestead mortgage which incumbered the property, and accepted title subject to that mortgage. In the subsequent sale by relator to Leininger, relator again recognized the mortgage of the Reliance Homestead Association, and as vendor therein required Leininger as the vendee to take notice of the mortgage and to assume its payment as part of the purchase price. And it is in this act of sale, itself, that the notes held by the relator were given by Leininger as a part of the purchase price; the stipulated purchase price being $10 cash, the assumption of the $55,000 mortgage held by the Reliance Homestead Association, and the purchaser's fifteen notes of $5,000 each secured by an additional mortgage on the property sold. In these circumstances, relator cannot be heard to deny the validity of the mortgage held and herein sued on by the Reliance Homestead Association.

Our conclusion is that the court below was correct in its ruling that the petition of intervention and third opposition of William M. Neihysel disclosed no right or cause of action.

For the reasons assigned, the rule nisi herein issued is discharged, and relator's application for writs of certiorari, mandamus, and prohibition is denied, at his cost.