**174 So. 666**

**GAINES v. CRICHTON.**

**No. 34273.**

April 26, 1937.

Rehearing Denied May 24, 1937.

R. D. Watkins, of Minden, for appellant.

A. S. Drew, of Minden, for appellee.

ROGERS, Justice.

On December 21, 1918, Thomas Crichton, Jr., trustee, purchased from William E. Bible 460 acres of land in Webster parish, and on the same day agreed to sell 200 acres of the property purchased to Robert Gaines. On December 28, 1923, the act of sale of the property was executed by Crichton, trustee, to Gaines, with the following reservation in favor of the vendor, viz.:

"The vendor, Thomas Crichton, Jr., Trustee, in making this sale, reserves the ownership of one-half the oil, gas and minerals in and on the above described land with all the rights and privileges usual in such cases for developing the land for oil, gas and minerals, and reserving also the right to make contracts for the drilling for oil, gas and minerals for all of the mineral rights in and on said land.

"The vendee, Robert Gaines, concurring herein and giving him, the said Thomas Crichton, Jr., Trustee, vendor, full authority as his agent to make contracts."

In November, 1936, Robert Gaines brought this suit against Thomas Crichton, Jr., individually and as trustee, to annul the mineral reservation, on the ground that it was fraudulently inserted in the act of sale. In the alternative, he converted his action into one of slander of title and damages, alleging that the defendant had executed a mineral lease of the property in favor of William E. Hunter. Plaintiff also pleaded prescription liberandi causa, and asked for the cancellation of the mineral reservation, on the ground of nonuser for more than ten years.

Defendant answered, admitting that he had sold plaintiff the property in dispute on December 28, 1923, with reservation of one-half the minerals, and that plaintiff was in actual and physical possession of the property. Defendant specially denied plaintiff's allegations of fraud. Defendant, in answer to plaintiff's alternative demand, reurged his claim of ownership of the minerals and pleaded the outstanding interest of two minor children as an interruption of prescription.

Before the trial of the case, plaintiff filed a plea of estoppel as to defendant's claim of ownership resting on the minors' alleged outstanding interest and reurged the prescription of ten years liberandi causa.

The plea of estoppel was heard prior to the merits, and was sustained. Thereafter, the case was heard on the merits. No evi-

dence was offered on the allegations of fraud. Plaintiff offered only documentary evidence. No testimony was offered by defendant. An admission was made by the parties that there had been no production of oil, gas, or other minerals, and no attempt to secure such production, on the property since its acquisition by plaintiff on December 28, 1923. Plaintiff attempted to prove damages, as alleged in his petition, but, on defendant's objection, was not permitted to do so.

The court below rendered judgment in plaintiff's favor, sustaining the plea of prescription liberandi causa and annulling the mineral reservation for nonuser for ten years, but rejecting plaintiff's claim for damages. Defendant appealed, and plaintiff has answered the appeal, praying that he be awarded damages as sued for.

There are two questions presented for decision on this appeal. The first is as to the correctness of the judgment sustaining the plea of estoppel; and the second is, as to the correctness of the judgment sustaining the plea of prescription of ten years liberandi causa.

Taking up the plea of estoppel, we find from the record that the property was purchased in 1918 by T. Crichton, trustee, without disclosing for whom he was acting. The deed recites that the sale is made to "T. Crichton, Jr., Trustee, husband of Bunnie Hayes, of Webster Parish, Louisiana." The deed under which the property was sold to the plaintiff Gaines in December, 1923, declares that the vendor is "T. Crichton, Jr., Trustee, husband of Bunnie Hayes, of Webster Parish, Louisiana." The deed is a warranty deed with

full subrogation of warranty against all former proprietors of the property.

Therefore, when the property was sold to the plaintiff Gaines, it was sold under the identical name in which it was purchased, and the reservation of one-half of the minerals was to "T. Crichton, Jr., Trustee, husband of Bunnie Hayes." If T. Crichton, Jr., trustee, had the right to purchase the property in 1918, it would seem that he had also the right to sell the property in 1923, the record disclosing nothing to the contrary.

■ Certainly, when T. Crichton, Jr., sold the property to Robert Gaines with full "guarantee of title," he forever barred and estopped himself from showing, as he is attempting to do in this case, that in making the sale he conveyed only an eleven-twelfths interest in the property, and that there was then, and is now, an outstanding one-twelfth interest in the two minor children of his deceased brother Powell Crichton, who reside in the state of New York.

■ Estoppel by warranty is an estoppel based on the principle of giving effect to the manifest intention of the grantor, and of preventing the grantor from derogating or destroying his own grant by any subsequent act. It is a species of estoppel by deed. The party to the deed and his privies are estopped from denying the truth of any material fact asserted in the deed. Lewis v. King, 157 La. 718, 103 So. 19.

■ Where a party solemnly admits a fact by deed, he is estopped from not only disputing the deed itself, but also every fact which the deed recites. Karcher

v. Karcher, 138 La. 288, 70 So. 228; Reliance Homestead Ass'n v. Brink, 173 La. 331, 137 So. 52.

[4] Taking up the plea of ten years' prescription liberandi causa, we find from the record that from the time the mineral reservation was created on December 28, 1923, until the time the suit was filed, defendant has not used the servitude. Hence it necessarily follows that he has lost his right of servitude by nonuser for ten years, and that the right has reverted to Robert Gaines, the present owner of the property.

Defendant, in his brief, has injected an issue not warranted by his pleadings and not presented to the district court. He contends that, under its terms, the mineral reservation is perpetual, arguing that, when the vendor reserved one-half of the minerals, he also reserved the right to make drilling contracts for the vendee, and that the vendee granted him full authority as his agent to make such contracts.

Answering the contention, which he protests is not an issue in the case, plaintiff points out that defendant, under his contention, could not possibly hold a power of attorney to lease more than the one-half interest in the minerals owned by plaintiff. Even without this mandate, defendant would have had the right at any time to lease his own one-half interest in the minerals. When plaintiff granted defendant the right to lease plaintiff's one-half interest in the minerals, he did not thereby admit perpetual ownership in defendant of the one-half interest in the minerals which was vested in defendant up to December, 1923, when it terminated because of the accrual of prescription.

Plaintiff, in his argument, further points out that, if the defense which defendant has set up in his brief had been raised in his answer, plaintiff would have offered in evidence the revocation of the power of attorney contained in the deed from defendant to plaintiff, which revocation was executed on November 18, 1924, and duly recorded in volume 66, page 546, of the conveyance records of Webster Parish. Plaintiff asserts that the power of attorney was never used; and that, in any event, it was canceled on November 18, 1924, from which date prescription ran against defendant on his one-half interest in the mineral rights and expired on November 18, 1934.

■ This court cannot consider defendant's contention raised for the first time in his printed brief, which merely contains defendant's written arguments and forms no part of the pleadings. Succession of Quinn, 183 La. 727, 164 So. 781.

■ And the jurisprudence is well settled that pleas and issues not raised in the court of the first instance cannot be raised on appeal. Id.

The sole defense offered by defendant was that the outstanding one-twelfth interest of the two minor children of Powell Crichton in the property was not and could not be conveyed to the plaintiff. This defense was properly excluded by the court below on plaintiff's plea of estoppel.

■ Plaintiff has answered the appeal, asking that he be awarded damages. But plaintiff has not submitted any argument

in support of his demand. On the contrary, plaintiff, in his original brief, maintains the correctness of the judgment of the court below, and the only relief he requests is that the judgment be affirmed.

For the reasons assigned, the judgment appealed from is affirmed.