McBRIDE, Judge.
In the year 1948 defendant sold and conveyed to plaintiff, by authentic act, Lot Z of Square 8, Second District, with improvements, against which, at -the time of the sale, there was an outstanding and unredeemed tax title in favor of the City of New Orleans (of which the parties had no knowledge), resulting from an adjudication for delinquent City taxes for 1927 on an assessment to a former owner. The tax sale was held in 1930, the City becoming the adjudicatee of the property for want of a bidder, and confirmation took place in 1931. Plaintiff acquired the property from defendant under a general warranty of title, and it now seeks by this suit to recover from defendant the sum of $1,262,25, which is the amount it voluntarily paid the City of New Orleans for a redemption of the property from the tax sale.
Defendant called his vendor in warranty, and in turn each former owner in the chain of title filed a demand in warranty against his vendor, Hendrick Janssen and wife who owned the property from 1941 to 1944 being the most remote warrantors.
The Janssens interpleaded exceptions of no cause or right of action as against plaintiff’s petition and also as to the call in warranty made against them by their vendee, which exceptions were overruled; the principal defendant and the defendant warrant-ors generally denied in answer the aver-ments of plaintiff’s petition. After a trial of the case, judgment was rendered in favor of all defendants dismissing the suit and plaintiff has taken this appeal.
Mr and Mrs. Janssen reurge their exceptions before us, and after giving serious consideration to the arguments advanced in their behalf, we are of the opinion that the trial judge correctly overruled the exceptions. We see no need of mentioning all of the theories underlying the exceptions as the discussion of the issues raised on the merits would cover issues the exceptions raised. However, it might be stated that one of the arguments is that in order for one to sue on a warranty of title, he must allege that there is some defect in the title, or that there was a threatened eviction, or that a lien and privilege encumbered the property, and that plaintiff’s petition lacks any such allegations. A *489 reading of the petition clearly shows that plaintiff forcefully alleges defendant’s warranty of title and that the property was subject at the time of its acquisition to the unredeemed tax sale which the City refused to annul or cancel unless and until the price of adjudication was paid. We think these allegations adequately set forth both a cause and right of action.
If, ordinarily, a plaintiff is required to allege an impending eviction, the fact there was an outstanding title rendered it unnecessary to allege that plaintiff actually was or would be evicted. See Hausler v. Nuccio, 214 La. 1069, 39 So.2d 734.
Appellees contend, and plaintiff concedes, that the tax title was tainted with a relative nullity in that the notice of delinquency which^the law requires as a prerequisite for the tax sale was not served on the owner of the property.
The defense appellees set up, as we understand it, is that plaintiff owed the City nothing, and the payment was unnecessarily made, first, because the tax sale was null and void, and second, the privilege on the property securing the taxes for which the sale had been made had become extinguished by three years’ prescription. The argument is advanced that the City of New Orleans when it received plaintiff’s payment merely had a personal claim against the tax debtor for which plaintiff was neither bound nor responsible. There can be no validity whatever in such a defense.
The tax adjudication, duly confirmed by notarial act, was spread upon the Conveyance Records for the Parish of Orleans. No one could successfully argue that such recordation was not an encumbrance against plaintiff’s property and a serious cloud on its title of such nature as to render the title unmerchantable, or at least suggestive of litigation, so long as the tax sale was unredeemed and the inscription remained uncancelled. This is still true notwithstanding that the sale was not made in' strict compliance with the requisites of the law as the parties have agreed is the case.
Counsel for Mr. and Mrs. Janssen say in their brief “it was not necessary to secure a court order to cancel the tax sale because there was no lien or encumbrance against the property.” We simply do not follow that line of reasoning. The City tax authorities refused to annul or cancel the tax title until the price of adjudication was paid, and in light of this we fail to comprehend how plaintiff could have had the tax title cancelled without “a court order.”
In paying the price of redemption and thereby securing a cancellation of the tax title without litigation, which conceivably could have been both costly and protracted, we believe plaintiff did what any prudent person might be expected to do in the same circumstances. A resort to litigation might have been to no avail, for the simple reason it might have terminated unfavorably to plaintiff, and even if plaintiff did prevail, it would have been faced with the following provision contained in Art. X, § 11, LSA-Constitution of 1921:
“ * * * No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser; * * ❖ »
There was considerable discussion pro and con whether said constitutional provisions apply to a tax sale made to a municipality for the want of a bidder for the property, but there is no occasion for our resolving that issue in this case.
By seeking judicial aid to annul the tax sale inscription, it seems to us plaintiff would have had all to lose on the one hand and little or nothing to gain on the other, and it would be entirely inequitable to penalize plaintiff for taking the steps it did *490 to free its title to the property from a serious impediment thereon.
Under LSA-C.C. arts. 2475 and 2476 the seller is bound to the obligation of warranting the thing which he sells, the warranty having two objects, the first of which is the buyer’s peaceable possession, and the second is the hidden defects of the thing sold or its redhibitory vices.
LSA-C.C. art. 2500 defines eviction as:
“ * * * the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the right or claims of a third person.”
In the next article, 2501, it is provided:
“* * * the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale.”
The above statutory provisions make it plain that under defendant’s warranty of title he was bound to protect the plaintiff from the effects of the tax sale notwithstanding both vendor and vendee were ignorant of its existence. We think an outstanding tax title may be considered as one of those “charges claimed on such thing” within the contemplation of the provisions of LSA-C.C. art. 2501, and the duty of reimbursing plaintiff the amount paid for effecting the removal thereof from the property rests on defendant.
In Long v. Grisham, 11 La.App. 436, 123 So. 492, 493, the proposition was whether the defendant was obligated in warranty to protect plaintiff against certain recorded paving liens, and the question was answered in the affirmative. We agree with what the court said:
“Warranty is implied, and the vendor, in the absence of a stipulation to the contrary, is bound to protect the property in the hands of the vendee against the charges, mortgages, privileges, etc., with which the property is burdened at the time of the sale (article 2501, Civil Code) and there is not any decision cited in which it is declared that, where the charge, mortgage, etc., is recorded, the vendor will be relieved of protecting the property against such charge without a declaration or stipulation to that effect.”
Coincidental with the rendition of judgment in favor of plaintiff, of course, like judgment should be entered on each call in warranty seriatim.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that plaintiff, Keystone Investment Corporation, have judgment against the defendant, Daniel B. Cohen, for the full sum of $1,262.25, with legal interest from judicial demand until paid and for all costs in the court below.
It is further ordered, adjudged and decreed that the defendant have á like judgment against his warrantors, Joseph Daum, Jr., Boyd Allison, and Simon Rosenberg, jointly and severally; that Joseph Daum, Jr., Boyd Allison and Simon Rosenberg have like judgment against their warrantor, Morris A. Green; that Morris A. Green have like judgment against his warrantors, Mrs. Magda Wegkemp, wife of, and Hen-drick Janssen, jointly and in solido.
Costs of this appeal are to be borne by the principal defendant and the warrantors in solido.
Reversed and rendered.
JANVIER, J., absent.