BOUTALL, Judge.
This is an appeal from a judgment that granted the defendant’s motion for summary judgment and dismissed plaintiff’s suit.
On October 2,1974, plaintiff, R. Randolph Richmond, filed suit against Zapata Development Corporation (Zapata) alleging that Zapata sold plaintiff 640 acres of land with all legal warranties on June 9, 1972. Plaintiff alleges further that the act of sale made no mention of a certain oil, gas, and mineral lease granted by Gay Union Corporation to Gulf Refining Corporation, dated August 11, 1930, and properly recorded in Iberville Parish, situs of the subject property. Plaintiff’s petition states that 360 of the 640 acres sold are subject to extensive mineral recovery operations and thus rendered useless for development as a result of the said Gay-Gulf Refining lease. Plaintiff prays for $120,000 diminution in sale price *940 of $160,000, based upon Zapata’s express warranty to plaintiff contained in the act of sale.
Defendant raised the peremptory exception of prescription, claiming that the plaintiff’s petition is one of redhibition, seeking quanti minoris, and subject to one year’s liberative prescription.[1]
Plaintiff then amended his petition to raise the amount of damage allegedly sustained under the defendant’s breach of warranty. Subsequently, defendant filed a motion for summary judgment on May 1, 1975, simultaneously introducing exhibits “A”, the act of sale, “B” the act of sale of all oil, gas, and mineral interests in the subject property from Southdown, Inc., to Pelto Oil Co., and “C”, the recorded lease of mineral exploration rights granted from Gay Union to Gulf Refining Corporation.
From the date of filing of the motion for summary judgment until the date of the signing of the judgment granting summary judgment, a period of six months, plaintiff filed no affidavits opposing the motion, but filed only a reply memorandum to the motion. On November 12, 1975, summary judgment was granted and signed.
On November 18, 1975, plaintiff filed a motion for a new trial. In connection, therewith, on December 3, 1975 he filed an affidavit reciting and enlarging the allegations contained in the original petition. The judge rejected the affidavit, but treated it as a proffer. Two more proffers, an affidavit and photographs, were filed in the record, apparently having been offered on the new trial hearing, December 12. The motion for new trial was denied.
On appeal, plaintiff Richmond argues that the trial court erred in granting summary judgment because there was presented to the court a genuine issue of fact, and because the trial court erroneously applied the law.
The court’s reasons for judgment are quite clear. The court held that all of the structures on the subject property were quite visible, the Gay-Gulf lease was not disclosed in the act of sale, and these facts are not in dispute. Therefore, the court had to deal only with issues of law, per Code of Civil Procedure articles 966 and 967. The court found that Zapata did not warrant the 640 acres to be free and clear of mineral activities and development because the buyer was aware that the minerals have been sold as per paragraph (k) of the act of sale. The plaintiff buyer should have been aware of extensive oil activity, as witness the numerous paragraphs of the act of sale which specified rights-of-way, leases, etc., that accompany oil production.[2] The court held “that being cognizant of the previous sale of all minerals and there was no guaranty of any minerals, there was no warranty of minerals, and there was no warranty with any activity dealing with minerals as stated above.”
*941 As to the issue of appropriateness of summary judgment in this case, this court finds no error on the part of the lower court, in light of the fact that the plaintiff failed to file counter affidavits during the six month period that the motion was pending. Article 967 of the Code of Civil Procedure states:
“. . .an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
* * * * * *
As the trial judge stated in his reasons for judgment, there is no appearance of any issue of material fact. The relevant facts are uncontested and plaintiff failed to file affidavits establishing any genuine issue, therefore summary judgment was appropriate. Bally Case & Cooler v. I. A. Kramer Service, Inc., La.App., 252 So.2d 559 (1971). The affidavit filed by plaintiff, which does not establish any relevant genuine issue of fact, comes too late.
Having now decided that there is no genuine issue of fact, we now pass to a consideration of the issue of the correctness of the application of the law under article 966. Plaintiff-appellant Richmond contends that a buyer is under no duty to inspect the public records and investigate title before purchasing real property. Young v. Sartor, 152 La. 1064, 95 So. 223 (1922).
The precise question is whether the inscriptions bearing against the property contained in the act of sale were sufficient to incite inquiry in the purchaser as to mineral recovery activity on the subject land.
We hold that the recitations were sufficient to cause the plaintiff to investigate his title and the public records. The listed inscriptions (see footnote 2) would put a reasonable man on notice that there was considerable mineral recovery activity taking place on the subject land. The jurisprudence is fairly replete with cases holding
that there is no duty of the buyer to investigate his title, but where certain facts known to the buyer constitute a warning that further inquiry is needed and such facts are sufficient to excite inquiry, a duty devolves upon him to investigate his title before purchasing. Juneau v. Laborde, 219 La. 921, 54 So.2d 325 (1951). Had the plaintiff checked the public records, he would have discovered the Gay-Gulf lease. Any view of the property would have disclosed its physical condition.
Accordingly, we affirm the judgment of the trial court in granting summary judgment.

AFFIRMED.

REDMANN, J., concurs.

. Because of our conclusion as to the appropriateness of the summary judgment and application of the law, we pretermit discussion of the issue of prescription, other than to refer the reader to Pursell v. Kelly, La.App., 139 So.2d 12 (1962).

. Pertinent inscriptions bearing against the property contained in the act of sale were in summary:
a) Right of way agreement, Gay Union to Dow Chemical.
b) Agreement between Gay Union and Gulf Utilities granting right to extend existing electrical lines.
c) Agreement from Gay Union to Humble Pipe Line Company.
d) Pipeline right-of-way, Gay Union to Humble Gas Transmission Company.
e) Right-of-way, Gay Union to Interstate Natural Gas Company.
f) Agreement, Gay Union to Standard Oil of Louisiana.
g) Right-of-way, Gay Union to Standard Oil of Texas.
h) Right-of-way, Gay Union to Temple Har-grove and Freeport Oil Company.
* * * * * *
j) Oil, gas and mineral lease, Gay Union to Davis Oil Company.
k) Sale of all minerals by Southdown Lands, Inc. to Pelto Oil Company.
l) Right-of way servitude, Zapata to Humble Pipe Line Company.
The parties waived the production of mortgage, conveyance and tax researches.